### UNITED STATES v. O'MARA.
### Cr. No. 200–54.

United States District Court
District of Columbia.
June 28, 1954.

Charles E. Ford, Washington, D. C., for defendant.

William Hitz, Asst. U. S. Atty., for Dist. of Columbia, for the Government.

HOLTZOFF, District Judge.

The defendant is on trial by the Court, trial by jury having been waived, on a charge of contempt of Congress in that he failed to produce certain documents in response to a subpoena *duces tecum* issued by the Investigating Subcommittee of the Committee on Interstate and Foreign Commerce of the Senate of the United States. The specific documents are the defendant's personal income tax returns for certain specified years.

Section 55 of the United States Code, Title 26, provides that income tax returns filed with the Commissioner of Internal

Revenue shall not be open to inspection except upon an order of the President and under rules and regulations prescribed by the Secretary and approved by the President. The Government contends that Section 55 is limited to the original returns on file in the Bureau of Internal Revenue and does not apply to the taxpayer's own copies.

The question is a close one, and a debatable one. On the one hand it may be argued that the statute creates a privilege and gives a privileged status to income tax returns similar to that of communications between attorney and client, and other privileged communications, and, if this is the case, the privilege would extend to copies as well as to originals, for surely carbon copies of communications between attorney and client, if the originals are confidential, would not be subject to disclosure.

■ This question has not been determined by any appellate court, but it was decided by the United States District Court for the District of Connecticut, in Connecticut Importing Co. v. Continental Distilling Corp., 1 F.R.D. 190, 192, in which Judge Hincks, an able and outstanding judge, who has since become a Circuit Judge for the Second Circuit, made the following statement:

"The statutory privilege is limited to the prohibition of disclosures by officers of the government; and it is further limited by specified exceptions whereby under specified circumstances even government offi-cials may disclose the communications."

This Court will follow that ruling and hold that the statutory privilege does not apply to the taxpayer's own copies.

■ The defendant's counsel on a number of occasions enquired of the Chairman of the Subcommittee whether a Presidential order had been issued, apparently on the theory that a Presidential order was necessary even for the production of copies. The ruling just made by this Court necessarily implies that the position of counsel was erroneous. It seems, however, that the question should have been answered. Instead, the witness received answers that were ambiguous and undignified, to say the least.

On the issue of pertinency the Court finds that the information sought was pertinent to the inquiry.

The Court feels that the attitude of the Committee towards the witness in refusing to give him the information which apparently was requested courteously, namely, whether a Presidential order had been issued, is a matter that will go in mitigation of punishment. I think it is a very important factor on that issue because, obviously, courtesy and consideration for the witness should have led to a categorical answer. Nevertheless, the Court feels that the defendant ran the risk that might have been involved in refusing to comply with the subpoena, and the Court has no alternative except to find the defendant guilty.