## Fannasy v. Howard

*G. Thomas Miller* of *Bailey, Pearson, Miller & Bolton*, for plaintiff.

*Edward E. Knauss, 3rd,* of *Metzger, Wickersham & Knauss,* for defendants.

SOHN, J., September 28, 1959.—The motion before us is one in which defendant, James E. Howard, asks permission to inspect and copy certain documents.

A rule to show cause why the motion should not be granted was issued pursuant to rule 4009(1) of the Rules of Civil Procedure. The motion involves a request for permission to inspect and copy the copies of United States income tax returns for the years 1955, 1956, 1957 and 1958, filed by William E. Fannasy, plaintiff, or by William E. Fannasy jointly with his wife, as well as copies of the corporate income tax returns filed by National Novelty Company, Inc., owned and operated by William E. Fannasy, for the years 1955, 1956, 1957 and 1958. Plaintiff, in his answer to the rule, admits that bills for nursing, medical and hospital expenses requested in the motion are proper subjects of inspection, but avers that the income tax returns are privileged and not relevant, and further that the corporate tax returns are not the property of plaintiff.

The matter involved originated in a suit in trespass by William E. Fannasy against James E. Howard, seeking to recover substantial damages for personal injuries suffered by William E. Fannasy in an automobile accident which occurred December 8, 1957. The complaint avers that William E. Fannasy has lost substantial earnings and will continue to suffer a loss in earning power on account of the injuries. The complaint further states that William E. Fannasy has been unable to perform all of his former duties as vice president and general manager of the National Novelty Company, Inc.

The question presented to the court is the following one, to wit: Are the United States income tax returns filed by William E. Fannasy and wife, and National Novelty Company, Inc., for the years 1955, 1956, 1957 and 1958, proper subjects for inspection by defendant under Pa. R. C. P. 4009(1).

Rule 4009 provides, in part, as follows:

"Subject to the limitations provided by Rule 4007 (a) and Rule 4011, the court, on the motion of a party may

"(1) order a party to produce and permit the inspection, including the copying and photographing, by or on behalf of the petitioner of designated tangible things, including documents, papers, books, accounts, letters, photographs and objects, which are in his possession, custody or control . . ."

Plaintiff, in his depositions, has already testified that his accountant will testify at the trial. Plaintiff has testified also that he derives his income from several sources, including investments and the buying and selling of real estate, in addition to the income from the corporation, National Novelty Company, Inc., of which he is an officer and director. He has alleged that his injuries have affected only his income from the National Novelty Company, Inc. It is contended by him that the opening up of his income tax returns would develop many extraneous, collateral and irrelevant issues, which would all have to be explored in order to destroy the inferences that defendant might try to develop from the returns. He claims that his averment for damages on behalf of lost income might be defeated if his income was higher after the accident than before, if his investments or real estate transactions netted him a higher profit, but his income from the novelty business diminished. The latter would certainly be listed separately in the returns so as to identify the source.

The question before us has apparently never been decided by any of the appellate courts of Pennsylvaina. However, there are two divergent lines of cases in the United States District Courts. These two lines of cases are fully discussed in the case of Brei v. Sharon Steel Corporation, 8 D. & C. 2d 483, 484 (1956). In this case which arose in Mercer County the opinion says, inter alia:

"Inasmuch as any privilege to be attached to income tax returns must be found in the statute providing for them, it is necesary to examine the pertinent Act of Congress to determine whether such records are privileged. The Act of October 8, 1940, 54 Stat. at L. 1008, as amended, 26 U. S. C. §55, provides, in part:

" 'Returns . . . shall constitute public records; but, except as hereinafter provided in this section, they shall be open to inspection only upon order of the President and under rules . . . prescribed by the Secretary and approved by the President.'

"The regulations promulgated by the President provide:

" 'The return of an individual shall be open to inspection (a) by the person who made the return, or by his duly constituted attorneys in fact.' "

It is with respect to this Act of Congress that the United States District Courts have divided.

However, we think that the opinion in the District Court of Connecticut in the case of Connecticut Importing Co. v. Continental Distilling Corporation, 1 F. R. D. 190 (1940), is the correct one. In this case the court granted a motion for the production of copies of plaintiff's income tax returns for inspection in an action for damages and loss of profits where plaintiff's income was highly relevant. The court held that the Act of Congress here considered did not preclude a court from requiring a disclosure of a tax return from a taxpayer in connection with a civil litigation to which the taxpayer is a party. With respect to the privilege the court said, page 192:

"The statutory privilege is limited to the prohibition of disclosures by officers of the government; and it is further limited by specified exceptions whereby under specified circumstances even government officials may disclose the communications. And the

courts, when once satisfied that a given case falls outside the statutory privilege, refuse to recognize any privilege whatever and accord to the communication such admissibility as it would under the controlling law of evidence [citing cases]. In Corliss v. United States, 8 Cir., 7 F. 2d 455, copies of tax returns were held inadmissible not because of a claimed privilege, but because under the law of evidence no basis there existed for the use of copies in lieu of originals. And from Greenbaum v. United States, 9 Cir., 80 F. 2d 113, it is further apparent that income tax returns in a case not within the limited statutory privilege have a status no different from other items of evidence."

See also the case in the District Court for the Western District of New York, to wit: The Sultana, 77 F. Supp. 287 (1948), as well as the case of Reeves v. Pennsylvaina R. Co., 80 F. Supp. 107 (1948), and the case of United States v. O'Mara, 122 F. Supp. 399 (1954). In these two latter cases, it was required that plaintiff submit the taxpayer's own copies of his income tax returns. Another county court case bearing on the question here is Kaylor v. Baran, 5 D. & C. 2d 567, 568. There the following dicta appears:

"It is the opinion of the court that the information here requested can have no possible relevance to the subject matter of the action. Such income figures may be, of course, completely relevant in a personal injury case where one is claiming loss of earnings or reduction of earning power."

In this case plaintiff has testified that he will have his records and his public accountant in court at the trial to testify as to the various matters in question. However, we believe that defendant should have made available to him the copies of the income tax returns in order that he may familiarize himself with the various items set forth in the income tax returns and thus be in a better position to cross-examine when the case

is called for trial. Defendant should be permitted to test the accuracy of the accountant's testimony by any written declaration made by plaintiff prior to instituting the present suit. His income tax returns to the Federal Government are such declarations, and could well be the only written evidence available for that purpose.

We note from the depositions that plaintiff owns over 50 percent of the capital stock of the National Novelty Company, Inc., and that he is the vice president and general manager thereof. From that we take it that he has entire control of the corporation and must be familiar with all of its records. We believe that the evidence sought here is relevant and see no reason why the copies of the income tax returns, both as to plaintiff and as to the corporation of which he is an officer and principal stockholder, should not be made available to defendant. The mere fact that the returns might contain irrelevant matter in his return and in the return of himself and his wife, we believe, should not bar use as evidence when they also contain facts that are clearly relevant. We therefore make the following

### Order

And now, September 28, 1959, the motion of plaintiff in the above entitled case for a protective order so as not to require the production of the income tax returns of plaintiff and his wife, as well as the income tax returns of the National Novelty Company, Inc., for the years 1955, 1956, 1957 and 1958, is denied. Plaintiff, William E. Fannasy, his wife, and the National Novelty Company, Inc., are each directed to promptly make available to defendant true and correct copies of said returns. However, defendant shall treat such copies as private matters, and shall restrict the information found therein to his own use, the use of his attorneys and accountants and no others.