Carolyn LUCAS, Relator,

v.

Hon. Ethridge R. WRIGHT, Judge, et al.,
Respondents.

No. 6661.

Court of Civil Appeals of Texas.

Beaumont.

June 20, 1963.

Rehearing Denied Sept. 11, 1963.

Adams & Browne, Everett Lord, Beaumont, for relator.

W. O. Bowers, Jr., H. P. Robichau, Orgain, Bell & Tucker, Beaumont, for respondents.

McNEILL, Justice.

This is a proceeding brought by relator, Carolyn Lucas, for writ of mandamus against Hon. Ethridge R. Wright, presiding judge of the Court of Domestic Relations of Jefferson County, Philip Lucas and H. E. Dishman as respondents. The writ is sought to require said judge to allow a fuller inquiry in the taking of Mr. Dishman's deposition as trustee of certain

trusts. The facts from which the present controversy grew are:

On December 12, 1961, relator sued her husband, Philip Lucas, for divorce, for division of community property and for custody and support of the minor children of the marriage. She applied for commission to take the deposition of H. E. Dishman, as trustee, in certain trusts which had been theretofore established for the benefit of her husband, Philip B. Lucas, and others, by his late father, Harry Lucas. Mr. Dishman sought to restrain the taking of his deposition by filing application for an injunction in the divorce case. The application alleged that the information sought with reference to the properties of the trust were matters Carolyn Lucas had no right to since she had no beneficial interest therein. A temporary injunction so restraining taking said deposition was granted; from which appeal was taken to this court. A discussion of the situation of the parties, the trusts involved and the right to take the deposition, will be found in the opinion of this court in Lucas v. Lucas, Tex.Civ.App., 365 S.W.2d 372. We there held that Carolyn Lucas was entitled to take the trustee's deposition and dissolved the injunction. By way of explaining why we held the injunction improper, we stated that she was entitled to inquire into the income of the various trusts since the amount of the children's support was one sought to be established and testimony thereof would be relevant upon the question. As reflected there, the order of this court was one dissolving the injunction. The order reads: It is "ordered that the judgment of the court below be reversed and the temporary injunction is dissolved; that the appellee, Philip B. Lucas, pay all costs of this appeal; and this decision be certified below for observance." Mandate issued in due course on this order. Thereafter commission to take Dishman's deposition issued. When this was done two motions, one by respondent Lucas and one by respondent Dishman, were filed under Rule 186B, Texas Rules of Civil Procedure, in the trial court. The first part of the motions urged that the commission and subpoena duces tecum issued thereunder be quashed. In the alternative the motions prayed that the court limit the extent of taking the deposition. The trial court overruled the first part of the motions but made his order limiting the taking of the deposition of Mr. Dishman to an inquiry upon four items. These items were:

The trustee should be required to furnish information: (a) of all disbursements to Philip Lucas from all three trusts since August 20, 1955; (b) a record of all funds or properties received by the trusts from Philip Lucas; (c) a record of all credits and adjustments accorded Philip Lucas by each of trusts from August 20, 1955, to date; (d) a record of all loans made to Philip or other person for his benefit.

Relator excepted to this ruling of the trial court urging that it was entirely too restrictive and would not afford her opportunity of obtaining information relating to the income of the various trusts involved. At the hearing establishing the bounds of inquiry, certain matters of confidence and privilege were urged and in order to avoid delay and accommodate the parties, the trial judge repaired to the office of the trust and investigated the questions raised and thereafter made his ruling as to the items permitted to be disclosed. Relator attempted to obtain from the judge the records he investigated at the trust office and the time he took in doing so, but he declined to answer any inquiry thereon.

After the court's ruling aforesaid, Mr. Dishman's deposition was taken. Almost all of this record, containing 103 pages, was taken up with arguments, objections and exceptions of counsel, over information sought by relator. The trial court denied all effort of relator to inquire into or obtain information with reference to the income of the trusts since the marriage of the parties in 1955.

**926**

■ Having thus been denied the right to question respondent Dishman with reference to the income from the various trusts in which her husband was beneficiary, relator urges she is entitled to the writ of mandamus so that the court will be required to allow her to take Mr. Dishman's deposition in accordance with the prior opinion and mandate of this court. The law is settled that mandamus will lie to compel the trial court to proceed in accordance with the mandate of a Court of Civil Appeals, 37 Tex.Jur. (2) 696. The mandate issued on our judgment in Lucas v. Lucas, Tex.Civ.App., 365 S.W.2d 376, informed the trial court that the temporary injunction against taking the deposition was dissolved. This was the substance of the mandate. However, relator calls our attention to the following language in our opinion just mentioned:

> "* * * Under the facts, we think appellant would be entitled to inquire into the incomes of the various trusts and the amounts, regularity and time of support payments which have been made by the trustees to appellee as beneficiary. This inquiry would bear upon the setting of any amount of temporary alimony and support of the children."

and asserts that since the early decision of Wells v. Littlefield, 62 Tex. 28, it is the law that the opinion accompanying the mandate may be looked to to ascertain what judgment was to be rendered by the trial court as well as the mandate itself. Relator misconstrues the effect of this language in the opinion. It was no part of any order or instruction to the trial court, but was merely a reason which was given in explanation of the dissolution of the injunction restraining the taking of the deposition. The case cited by relator, Taylor v. Jones, Tex.Civ.App., 58 S.W. 47, involved much the same situation. The mandamus there sought was one seeking to require the trial court to retry only one issue of a remanded cause. The last part of the opinion explains the effect of language we think similar to our own. All of the other cases cited by relator in which mandamus was involved were cases where the judgment itself of the appellate court was not obeyed. To be entitled to mandamus, relator must have a clear legal right to performance by respondent of a particular duty sought to be enforced, and no intendments are to be indulged. Wortham v. Walker, 133 Tex. 255, 128 S.W.2d 1138. Examination of relator's application reveals complaint upon numerous rulings of the trial judge, who supervised the taking of the deposition. To consider the numerous items reflected would, in a substantial sense, be reviewing many claimed errors. Mandamus cannot be used to perform the office of appeal nor to correct erroneous rulings of inferior tribunals whether interlocutory or final. Robertson v. Work, District Judge, 114 Tex. 461, 270 S.W. 1006.

■ We do not recede from what we said, however, in the former opinion. While we think the trial court has acted in good faith, he has been too restrictive in his order. No doubt, he felt obligated to protect any confidence or privileged matter and was probably attempting to follow the procedure outlined by the Supreme Court with reference to such matters in Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434. We have read the record made on the hearing when the court made its order restricting the scope of the deposition and have also read the deposition thereafter taken and we have been unable to find any matters of confidence or privilege contended for except in two respects. The first, it was stated by Mr. Dishman that there was geological information in the trust records which he felt were of a confidential nature. We can see no relevance the geological information would have upon the questions sought to be elicited. The other item of confidence appeared to be that since he owned an undivided interest in the properties in which the trust held interest

and that the inquiry might divulge his personal affairs, this would be against his wishes. This court has no desire to have facts disclosed which improperly intrude upon a person's private and personal affairs but we have been unable to see any sound reason why respondent is entitled to protection because of the mere fact that it might disclose some of his personal affairs. If his affairs were so tied up with those of the trusts that it would be impossible to obtain information with reference to the income of the trusts without disclosing his income then his income would have to be exposed. The trustee testified that he had been a partner of Harry Lucas, the late father of Philip Lucas, for some 20 years in connection with oil properties which constituted the bulk of the trust properties. The partners, no doubt, shared many confidences. Since the elder Lucas' death, the trusts have succeeded largely to his interest. But, communications between partner and partner, however confidential in their nature, are not privileged. Texas Law of Evidence, McCormick & Ray, Vol. 1, p. 425. However, we doubt that an inquiry as to the income of the trusts would necessarily have to disclose any of the trustee's private or personal affairs. It appears that there were separate accounts kept for the trusts which did not include the personal funds of the trustee. This would seem to make it unnecessary to divulge the personal income of the trustee.

 It is urged by relator that Mr. Dishman as trustee has waived any privilege that might have been attached to copies of the fiduciary income tax returns made in behalf of the trusts for the years involved. The trustee's testimony at the preliminary hearing on this point is as follows:

"Q. Mr. Dishman, is it your testimony that the fiduciary returns filed with the internal revenue on the Philip Lucas Trusts that they involve your personal property?

"A. We separate the money.

"Q. Yours are not involved are they?

"A. The money is always separated those returns, they are available to you.

"Q. Nothing privileged about that, you are not claiming that. How about your, the bank ledger sheets on the three trusts. You carry separate records on that don't you?

"A. Well, we separate the money. Everything is separated as far as money."

In our opinion, the above constitutes such waiver, although when the deposition was later taken, the trustee stated, "that would not have been my intention to state that." A waiver once made is waived for all times and all purposes. McCormick & Ray, Texas Evidence, Vol. 1, Sec. 490, pp. 411, 412. But whether waived or not, relevant parts of such copies of income tax returns are no doubt admissible in the inquiry sought by relator. Crane v. Tunks, supra; United States v. O'Mara, D.C., 122 F.Supp. 399. The latter case appears to have been approved in St. Regis Paper Co. v. U. S., 368 U.S. 208, 82 S.Ct. 289, 7 L.Ed.2d 240.

We have gone into discussion of pertinent matters raised by the parties in order that the trial court may have our views thereon. There is additionally a matter upon which we should like to comment. From the trial court's ruling setting the bounds of inquiry in the deposition and his rulings in connection with the taking of the deposition itself, we take it that he is of the opinion that all properties and funds in the several trusts involved are no part of the community property of the parties; that since each trust in substance provides that unless and until trustee or trustees in their unbridled discretion shall deliver such funds or such properties to the beneficiary, Philip Lucas, such funds and property do not belong to him even as his separate property. It was contended in the original appeal by appellant, (now relator) that ac-

cumulated and undistributed income of the trusts does constitute community property of the parties. We did not pass upon this point then and we do not now pass upon the point.

If, however, the trial court shall at the time trial of this case on its merits be of the same opinion such items are not community property, we deem it proper to suggest in view of the fact courts cannot pass upon hypothetical questions, that proof be allowed that there is, if such exist, accumulated and undistributed income (or assets purchased with such income) from the trusts and the nature of their source and other pertinent factors bearing upon their legal character so that in the event the cause is appealed after the final hearing, an authoritative decision may be rendered on appeal upon the question. In such a situation, if it is deemed that the trial court was in error, the cause may be remanded for trial that could finally dispose of the question. Should the court not allow facts to be brought up, either by admission in evidence or by bill of exception, pertaining to the question and it is held that this was error, the cause would have to be reversed to allow inquiry into the question and in all probability a second appeal would be necessary to lay the matter at rest. From what has been said, however, it must not be concluded that we have formed any opinion on the question and are not in any way nor to any extent passing on the final matter at issue. Since hypothetical cases may not be determined, we simply recommend that the factual framework pertaining to the problem mentioned be established in the trial court so that the questions of law may be settled in one appeal.

■ Though it was proper for the trial court to have made its preliminary order under the motions eliminating from inquiry in the deposition to have been taken matters of an irrelevant or privileged nature, it is our conclusion that the trial court's order was too restrictive. However, the authority of the Court of Civil Appeals to issue writs of mandamus is very limited and we conclude the relief sought by relator must be denied. Crane v. Tunks, supra; Johnson v. Court of Civil Appeals, 162 Tex. 613, 350 S.W.2d 330; Longbine v. Johnson, Tex. Civ.App., 347 S.W.2d 772.

Mandamus denied.