**UNITED STATES ex rel. Samuel D. CARTHAN, Appellant,**

v.

**SHERIFF, CITY OF NEW YORK, Appellee.**

**No. 28610.**

United States Court of Appeals Second Circuit.

Argued March 9, 1964.

Decided April 6, 1964.

William Sonenshine, Brooklyn, N. Y., (Evseroff, Newman & Sonenshine, Brooklyn, N. Y., on the brief), for appellant.

Irving P. Seidman, Asst. Dist. Atty., Kings County, New York (Edward S. Silver, Dist. Atty., and Aaron E. Koota, Chief Asst. Dist. Atty., Kings County, on the brief), for appellee.

Before SMITH, KAUFMAN and MARSHALL, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

Appellant is under sentence of imprisonment for criminal contempt of court, imposed by the Supreme Court of the State of New York for the County of Kings for refusal to produce income tax returns requested by the Grand Jury. The sentence was affirmed by the Appel-

late Division and a writ of habeas corpus was dismissed. Leave to appeal to the Court of Appeals was denied. Appellant thereupon petitioned the United States District Court for the Eastern District of New York for a writ of habeas corpus. The District Court, Walter Bruchhausen, District Judge, denied the petition and relator appealed. We find no error and affirm the order denying the writ.

Appellant, a plastering inspector employed by the City of New York, was subpoenaed to testify before a Grand Jury investigating possible corruption in the Building Department of the City of New York in connection with home building in Kings County. He appeared before the Grand Jury and executed a Limited Waiver of Immunity pursuant to Section 1123 of the New York City Charter (formerly Section 903), which requires a city employee subpoenaed before a Grand Jury to waive his privilege against self-incrimination with respect to city affairs or forfeit his office and his eligibility to appointment to city office or employment. He testified before the Grand Jury and later, at the request of the Grand Jury, submitted financial questionnaires for the years 1959, 1960 and 1961. However, when subsequently subpoenaed to produce copies of his State and Federal income tax returns for 1959, 1960 and 1961, he admitted that he had the returns but refused to produce them. Directed by the court to appear and produce the returns, Application of Second Additional Grand Jury, 234 N.Y.S.2d 64 (Sup.Ct. 1962), he again appeared and again refused. On motion to punish for contempt the order was repeated and appellant again refused. Thereupon, he was adjudged in contempt and sentenced to imprisonment for 30 days and to a fine of $250 or an additional 30 days imprisonment.

Appellant exhausted his state remedies by appeal to the Appellate Division, where the conviction was affirmed and an application for writ of habeas corpus dismissed, and by application for leave to appeal to the Court of Appeals, which was denied. See Fay v. Noia, 372 U.S. 391, 415–420, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Appellant argues two points, that Section 1123 is an unconstitutional limitation on the privilege against self-incrimination, and that the Grand Jury lacked power to order the production of federal and state income tax returns.

█ The second ground appears to be without substance. The disclosure of tax returns which is forbidden by both federal and state law to protect the integrity of the tax reporting and collecting system is an unauthorized disclosure of the filed returns, directed primarily against employees of government in the taxing departments. Disclosure by the taxpayer himself of his copies of returns is not an unauthorized disclosure, even though it be made by reason of legal compulsion. United States v. O'Mara, 122 F.Supp. 399 (D.D.C.1954), Connecticut Importing Co. v. Continental Distilling Corp., 1 F.R.D. 190, 192 (D.Conn.).

The first ground is more troublesome, for restrictions on the constitutional privilege against self-incrimination are not favorably regarded. However, the Supreme Court has recognized that public bodies have the right to expect public employees to give frank replies to questions relevant to an employee's fitness to hold public office. Beilan v. Board of Public Education, 357 U.S. 399, 78 S.Ct. 1317, 2 L.Ed.2d 1414 (1958); Garner v. Board of Public Works, 341 U.S. 716, 71 S.Ct. 909, 95 L.Ed. 1317 (1951). And in Regan v. New York, 349 U.S. 58, 75 S.Ct. 585, 99 L.Ed. 883 (1955), the Court sustained the contempt conviction of a New York policeman who had refused to testify before a Grand Jury about the acceptance of bribes from gamblers. A New York statute then in force provided that testimony relating to bribery could not be withheld because of the privilege against self-incrimination, but conferred immunity from prosecution for any criminal activity revealed by such testimony. In order to retain his job with the city, Regan executed a waiver of immunity from subsequent prosecution and appeared before the Grand Jury. When he balked at tell-

ing whether he had received any bribes, Regan was convicted of criminal contempt. The Supreme Court held· that since he had signed the waiver, Regan "was not deprived of any constitutional rights in being punished for his refusal to testify." 349 U.S. at 62, 75 S.Ct. at 587, 99 L.Ed. 883.

██ We need not go so far to sustain the appellant's contempt conviction. Appellant knowingly waived his privilege against self-incrimination with respect to city affairs. Unlike Regan, he submitted financial questionnaires. Having taken advantage of the waiver to hold his job and having already undertaken to disclose his financial affairs to the Grand Jury, appellant cannot cry halt because the inquiry has gone into greater depth than he had anticipated. Once he waives his privilege against self-incrimination, a witness may not withdraw his waiver to prevent matters which he has already gone into from being explored in greater detail. See Brown v. United States, 356 U.S. 148, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958); Rogers v. United States, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951).

The judgment denying the writ is affirmed.