■ In the Matter of JAMES J. HEALY, an Attorney.— Motion for an order of clemency, vacating or modifying the outstanding disbarment order, entered June 9, 1960, denied. Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.

■ In the Matter of MAX BOHLAND, Petitioner, v. ARTHUR MARKEWICH, as Justice of the Supreme Court of the State of New York, County of New York, Respondent.— Motion for leave to petitioner to reargue order of March 10, 1966, which denied petitioner's application to annul the order adjudging petitioner in contempt and dismissed the proceedings is granted, without costs. After reargument the original decision is adhered to, and the stay of execution vacated. Petitioner has been held in contempt for refusing to answer a question put to him before the Grand Jury. No issue as to the materiality of the question or of procedure generally is involved. Petitioner appeared before the Grand Jury pursuant to a limited waiver of immunity. This waiver was executed by petitioner, a city employee, pursuant to section 6 of article I of the New York Constitution, on pain of losing his job and without benefit of counsel. Such a waiver does not in and of itself irrevocably waive the constitutional right against self-incrimination and, when confronted with a question that would be incriminating, the witness may refuse to answer without being subject to punishment for contempt (*Stevens* v. *Marks*, 383 U. S. 234).. However, a witness who has without objection submitted himself to examination and who has answered questions pertinent to the inquiry cannot thereafter withdraw his consent (*Rogers* v. *United States*, 340 U. S. 367). " Once he waives his privilege against self-incrimination, a witness may not withdraw his waiver to prevent matters which he has already gone into from being explored in greater detail " (*United States ex rel. Carthan* v. *Sheriff, City of New York*, 330 F. 2d 100, 102, cert. den. 379 U. S. 929). That is the situation here. When asked general questions about his participation in acts of bribery (the subject of the inquiry) he responded. It was only when questioned about a specific instance that he asserted his privilege. Concur — Botein, P. J., Breitel, Steuer and Staley, JJ.