**CENTRAL TEXAS CLARKLIFT, INC.,
et al., Appellants,**

v.

**Ray SIMMONS, Appellee.**

No. 5604.

Court of Civil Appeals of Texas,
Waco.

Aug. 12, 1976.

Rehearing Denied Sept. 16, 1976.

Larry E. Kelly, Waco, for appellants.

Charles E. Wallace, Waco, for appellee.

HALL, Justice.

Ray Simmons brought this suit against Central Texas Clarklift, Inc., and Don Moes for damages, alleging the defendants wrongfully interfered with his employment contract with Trans Lift Corporation of Dallas, Texas, and thereby caused Trans Lift to fire him.

Simmons formerly owned Central Texas Clarklift, Inc., and sold the business to Moes in March, 1975. Pertinent to this appeal, the contract of sale contained these provisions:

> Seller recognizes and acknowledges that the list of customers of this business is a valuable, special and unique asset and covenants that it will not for a period of three (3) years after this date, disclose the list of customers or any part thereof to any person, firm, corporation, association or other entity. Further, for a period of three (3) years after this date, it will not represent, contact, solicit or service directly or indirectly in its own behalf, or in behalf of any other person, firm, partnership or corporation, any customer heretofore serviced by Seller; and further, for said period of three (3) years from this date, will not within the twenty seven (27) county area awarded to Seller for the operation of the Clark Equipment Company Dealer Franchise, directly, or indirectly, own, manage, operate, control, participate in or be connected with in any manner with the ownership, management, operation and control of any business similar to, or of the same nature as, the business presently being operated by Seller; and Purchaser shall be entitled to an injunction to restrain Seller from the commission of any of these prohibited acts. Nothing herein shall be construed as prohibiting Purchaser from pursuing any other remedies available to it for any breach or any threatened breach of the provisions of this paragraph by Seller.

> *Arbitration*—Upon the occurrence of a dispute relative to any provision of this Agreement or the application of any provision of this Agreement or if a price determination is required by any Paragraph herein, the same shall be submitted to arbitration under the terms and conditions of the "Texas General Arbitration Act" . . .

The plaintiff pleaded the fact of the sale to Moes and the non-competition agreement between the parties. He then alleged that in January, 1976, he began employment with Trans Lift as its operations manager for the north-Texas area; that when the defendants learned he was working for Trans Lift they set out to interfere with his employment; that they sent letters and made telephone calls to Trans Lift asserting he was violating the non-competition agreement and that Trans Lift was willfully abetting this violation; that despite assurances by Trans Lift that he was not violating the agreement, the defendants threatened Trans Lift with a lawsuit if it did not take affirmative action in the matter; that this harassment and the threats of lawsuits caused Trans Lift to fire him; that the defendants' course of action was willful and malicious and "designed to harass and damage" him; and that his damages total $18,-900.

The defendants answered with special and general denials, and also pleaded that this dispute falls within the ambit of the arbitration agreement between the parties. Citing the provisions of the Texas General Arbitration Act set forth in Articles 225 and 235, Vernon's Ann.Tex.Civ.St., they moved the court to compel arbitration. The motion was overruled, and it is this ruling which is now before us for review. The only proof adduced on the hearing of the motion was the sales contract.

Although the order in question is an interlocutory one, it is expressly appealable under the provisions of Article 238-2, Vernon's Ann.Tex.Civ.St.

The defendants point to the part of the non-competition agreement which permits

them to "pursue any remedies available" to them for a breach or threatened breach by Simmons. They argue that the rights of the parties in this lawsuit necessarily turn on answers to the questions of whether Simmons's employment with Trans Lift violated the agreement, and, if it did, whether the "remedy" they used to end the violation was a reasonable one within the agreement. They say they are entitled under the contract to have these questions submitted to arbitration. We disagree.

The question of whether Simmons was competing with the defendants during his employment with Trans Lift was "a dispute relative to [a] provision of [the contract of sale]" within the meaning of the arbitration agreement, and the defendants would have had the remedy of arbitration available for settlement of the question. But the self-help of committing an intentional tort against Simmons was not legally available to the defendants for settlement of the dispute, and whether the defendants willfully and maliciously and designedly acted to interfere with or end Simmons's employment with Trans Lift is not a dispute relating to the contract of sale and accordingly does not fall within the terms of the arbitration agreement.

The judgment is affirmed.