

# The Attorney General of Texas

December 8, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce. Suite 200
Dallas. TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Joe Wyatt, Jr.
Chairman
House Committee on Ways & Means
State Capitol
Austin, Texas 78711

Opinion No. H- 1274

Re: Administration of article VIII, section 1-d of the Texas Constitution.

Dear Representative Wyatt:

You have requested our opinion regarding the administration of article 8, section 1-d of the Texas Constitution. That provision governs the assessment of lands for agricultural use. An applicant for the agricultural use designation must submit to the local tax assessor a sworn statement "describing the use to which the land is devoted," and the assessor is then directed to "determine whether or not such land qualifies for the designation." You state that certain local tax assessors require an applicant, as a condition of filing the application for agricultural use designation, to furnish a copy of his federal income tax return for the preceding year. Copies of the returns are ordinarily duplicated by the assessor and retained as part of his records. You ask whether, in light of federal law, a tax assessor may impose this requirement.

Subsection (d) of article 8, section 1-d empowers a local tax assessor to

> inspect the land and require such evidence of use and source of income as may be necessary or useful in determining whether or not the agricultural use provision of this article applies.

In our opinion, this provision furnishes sufficient authorization for a tax assessor to require the submission of relevant portions of an applicant's federal tax return. We are not aware of any provision of state law which would preclude the imposition of such a requirement. With regard to federal law, 26 U.S.C. § 6103 provides, in pertinent part:

> (a) General rule. — Returns and return information shall be confidential, and except as authorized by this title —

(1) no officer or employee of the United States,
(2) no officer or employee of any State or of any local child support enforcement agency who has or had access to returns or return information under this section

. . . .

shall disclose any return or return information obtained by him in any manner in connection with this service as such an officer or any employee or otherwise under the provisions of this section. For purposes of this subsection, the term "officer or employee" includes a former officer or employee.

. . . .

(d) Disclosure to State tax officials. — Returns and return information with respect to taxes imposed by chapters 1, 2, 6, 11, 12, 21, 23, 24, 44, 51, and 52 of subchapter D of chapter 36, shall be open to inspection by or disclosure to any State agency, body, or commission, or its legal representative, which is charged under the laws of such State with responsibility for the administration of State tax laws for the purpose of, and only to the extent necessary in, the administration of such laws, including any procedures with respect to locating any person who may be entitled to a refund. Such inspection shall be permitted, or such disclosure made, only upon written request by the head of such agency, body, or commission, and only to the representatives of such agency, body, or commission designated in such written request as the individuals who are to inspect or to receive the return or return information on behalf of such agency, body, or commission. Such representatives shall not include any individual who is the chief executive officer of such State or who is neither an employee or legal representative of such agency, body, or commission nor a person described in subsection (n). However, such return information shall not be disclosed to the extent that the Secretary determines that such disclosure would identify a confidential informant or seriously impair any civil or criminal tax investigation.

Under the 1976 amendment to section 6103, returns and return information may not be disclosed "to local tax authorities, either directly by the I.R.S. or indirectly by the State tax authorities."

Public Law 94-455, 1976 U.S. Code Cong. & Adm. News, at 3768. Section 7213 makes it unlawful for any federal or state officer or employee to disclose returns or return information "to any person, except as authorized in this title." The penalty for such disclosure was increased from a misdemeanor to a felony in 1976. 26 U.S.C. S 7213(a). See 1976 U.S. Code Cong. & Adm. News, at 3776-78.

In the situation you pose, however, the local tax assessor does not obtain the tax returns from any state or federal officer or employee, but rather from the taxpayer himself. In United States ex rel. Carthan v. Sheriff, City of New York, 330 F.2d 100 (2d Cir.), cert. denied, 379 U.S. 929 (1964), a state court in New York had jailed an individual for criminal contempt because he refused to produce his federal income tax returns that had been requested by a grand jury. On petition for habeas corpus, the federal court rejected the applicability of section 6103:

> The disclosure of tax returns which is forbidden by both federal and state law to protect the integrity of the tax reporting and collecting system is an unauthorized disclosure of the filed returns, directed primarily against employees of government in the taxing departments. Disclosure by a taxpayer himself of his copies of returns is not an unauthorized disclosure, even though it is made by reason of legal compulsion.

330 F.2d at 101. Thus, when it is the taxpayer himself who makes his return available, even though he is compelled to do so in order to obtain the agricultural use designation, federal law does not intervene. We conclude that a local tax assessor is not prohibited from imposing a requirement that applicants for agricultural use designation furnish him with copies of relevant portions of their federal income tax returns.

You also ask whether tax returns so furnished constitute a public record under the Open Records Act, article 6252-17a, V.T.C.S. Section 3(a)(1) of the Act excepts from disclosure "information deemed confidential by law, either Constitutional, statutory, or by judicial decision."

This provision applies to information the disclosure of which would constitute an invasion of an individual's constitutional or common law right of privacy. Industrial Foundation of the South v. Texas Industrial Accident Board, 540 S.W.2d 668 (Tex. 1976). An individual does not waive his privacy interest in information merely because he has disclosed it to a governmental body. Id. at 679, 685.

The United States Supreme Court has not ruled that personal financial information is within a constitutionally protected zone of privacy, but it has indicated that unrestricted public disclosure of such information would raise serious constitutional questions. In Whalen v. Roe, 429 U.S. 589, 605 (1977), the Court said it was "not unaware of the threat to privacy implicit in the accumulation of vast amounts of personal information" by the government in connection with the

collection of taxes, distribution of welfare and social security benefits and other governmental activities. The Court pointed out that the collection of such personal and potentially embarrassing information is typically accompanied by a concomitant statutory or regulatory duty to avoid unwarranted disclosure, and recognized "that in some circumstances that duty arguably has its roots in the Constitution...."

In an earlier case, the Court upheld certain regulations requiring record keeping and reporting by banks of personal financial information. Three justices dissented, and two concurred in the decision while expressing doubt as follows:

> A significant extention of the regulations' reporting requirements, however, would pose substantial and difficult constitutional questions for me. In their full reach, the reports apparently authorized by the openended language of the Act touch upon intimate areas of an individual's personal affairs. Financial transactions can reveal much about a person's activities, associations, and beliefs. At some point, government intrusion upon these areas would implicate legitimate expectations of privacy. . . .

California Bankers Assn. v. Shultz, 416 U.S. 21, 78-79 (1974) (Powell, J., joined by Blackmun, J., concurring).

The Supreme Court of Texas has expressed the view that federal tax returns are protected by a right of privacy. In Maresca v. Marks, 362 S.W.2d 299 (Tex. 1962), the court reversed a trial court's order that two individuals permit opposing counsel to inspect and copy their entire income tax returns for certain years. The court, holding that the order to produce should have been limited to those portions of the returns which were relevant and material to the matter in controversy, observed:

> The protection of privacy is of fundamental — indeed, of constitutional — importance. Subjecting federal income tax returns of our citizens to discovery is sustainable only because the pursuit of justice between litigants outweighs protection of their privacy. But sacrifice of the latter should be kept to the minimum, and this requires scrupulous limitation of discovery to information furthering justice between the parties which, in turn, can only be information of relevancy and materiality to the matters in controversy.

362 S.W.2d at 301. The court has referred to this case as dealing with "certain highly confidential information." Allen v. Humphreys, 559 S.W.2d 798, 801 (Tex. 1977). See also Crane v. Tunks, 328 S.W.2d 434, 440 (Tex. 1959).

Although, as has been noted, section 6103 is "directed primarily against employees of government," and is not strictly applicable where the taxpayer himself makes his return available, the statute does evince a strong federal policy that tax returns are to be accorded a high degree of confidentiality. The severe penalties attached to unwarranted disclosure are applicable even to a person "who prints or publishes any return information which he knows was disclosed to him in violation of the law. . . ." 26 U.S.C. S 7213(a)(3); 1976 U.S. Code Cong. & Adm. News, at 3777. The federal statute additionally prohibits the disclosure of any return, after December 31, 1978, to an officer or employee of any state which requires its taxpayers to submit copies of their federal tax returns when filing their state returns, unless that state has enacted "provisions of law which protect the confidentiality of the copy of the Federal return ... attached." 26 U.S.C. S 6103(p)(8)(A).

In light of the cautionary language of the United States Supreme Court, the statement by the Texas Supreme Court that federal income tax returns are protected by a right of privacy in the context of discovery, and the federal statute's strict protection of this information when held by or obtained through the federal government, we believe that the federal income tax return submitted to a tax assessor-collector by an applicant for the agricultural use designation would be within the section 3(a)(1) exception of the Open Records Act as information deemed confidential by judicial decisions protecting privacy.

The submission of a federal income tax return by a private citizen in connection with the assessment and collection of taxes is distinguishable from the situation where similar information is required to be submitted by public officials or employees under a financial disclosure statute or ordinance. In Attorney General Opinion H-1070 (1977), we said that we did not believe that portions of income tax returns filed with a city secretary under a proposed financial disclosure ordinance would be deemed confidential by law under section 3(a)(1). The criteria for determining whether information is excepted from disclosure as confidential by judicial decisions concerning privacy are whether publication of the information would be highly objectionable to a reasonable person, and whether the information is of legitimate public concern. Industrial Foundation of the South v. Texas Industrial Accident Board, supra, at 686. Financial disclosure statutes have frequently been upheld on the basis that the public's interest in efficient, ethical government predominates over the privacy interest of governmental officials and employees. See cases cited in Attorney General Opinion H-1070, p. 2 (1977). Ordinarily, no such legitimate public interest would exist in regard to the federal income tax return of a private citizen.

## SUMMARY

A local tax assessor is not prohibited from imposing a requirement that applicants for the agricultural use designation, under article 8, section 1-d of the Texas

Constitution, furnish him with copies of <u>relevant</u> portions of their federal income tax returns, but tax returns so furnished are excepted from disclosure under the Open Records Act, article 6252-17a, V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn