**USX CORPORATION, Relator,**

v.

**Honorable David WEST, Judge of the 269th District Court of Harris County, Texas, Respondent.**

No. 01–88–00839–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 25, 1988.

Roger Townsend, Frank Jones, John P. Bawman, Fulbright & Jaworski, Houston, for relator.

Tom Alexander, Alexander & McEvily, Houston, for respondent.

Before DUGGAN, JACK SMITH and DUNN, JJ.

## OPINION

DUGGAN, Justice.

Relator, USX Corporation, asks this Court to order respondent, the Honorable David West, Judge of the 269th District Court of Harris County, Texas, to vacate his order overruling relator's plea in abatement and to stay the underlying cause pending arbitration.

This Court previously granted relator's motion for leave to file a petition for writ of mandamus. The real party in interest, Energy Buyers Service Corporation, has filed its opposition to the petition for writ of mandamus. Energy Buyers has also filed additional documents that supplement the record provided by relator.

Energy Buyers filed suit on September 11, 1987, against relator for breach of contract and against three other parties, Texas Oil & Gas Corp., David M. Roderick, and H.C. Haase, for tortious interference with contract.

Relator filed its original answer on October 23, 1987. On December 18, 1987, relator filed its first amended answer, which raised the affirmative and alternative defense of "plaintiff's written contractual obligation to undertake arbitration of any controversy arising under the parties' contract."

On February 16, 1988, relator filed its plea in abatement to stay the lawsuit pending arbitration. Relator asked respondent "to stay the trial of plaintiff's action against USX until arbitration has been had in accordance with the terms of the contract between plaintiff and USX." At the same time, relator sent a "formal request" to Energy Buyers for arbitration pursuant to the contract.

On September 7, 1988, almost one year after suit was filed, the respondent heard and denied the plea in abatement.[1] Respondent has set this matter for trial on January 16, 1989.

The hearing on the plea in abatement was limited to the argument of counsel. Relator tendered three exhibits to the trial court; however, none of these exhibits are included in the record before us.

Relator contends that it had a clear contractual right to settle the parties' dispute by arbitration and that respondent failed to perform his clear legal duty when he denied the plea in abatement. Energy Buyers generally contends that relator has waived its right to arbitration by either (1) breaching or repudiating the contract or (2) delaying its request for arbitration. Energy Buyers further contends that relator is not entitled to mandamus relief.

Relator's request for a stay was based on the Federal Arbitration Act, 9 U.S.C. §§ 1–14. (1977). Federal courts allow review by interlocutory appeal of orders denying arbitration. *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Tenneco Resins, Inc. v. Davy Int'l, AG*, 770 F.2d 416 (5th Cir.1985). The analogous Texas statute apparently permits interlocutory review of orders denying applications to compel arbitration. Tex.Rev.Civ.Stat. Ann. art. 238–2 (Vernon 1973); *Central Texas Clarklift, Inc. v. Simmons*, 540 S.W. 2d 745, 746 (Tex.Civ.App.—Waco 1976, no writ). In this case, without an express provision allowing for an interlocutory appeal, such an appeal would not be permitted.

Mandamus will lie only to correct a clear abuse of discretion, or the violation of a duty imposed by law, when there is not an adequate remedy by appeal. *Champion Int'l Corp. v. The Twelfth Court of Ap-*

---

1. Since the filing of relator's petition for writ of mandamus, respondent has also denied relator's motion to compel arbitration.

peals, —— S.W.2d ——, ——, 31 Tex. Sup.Ct.J. 629, 630 (July 13, 1988). An appellate court acts in excess of its writ power—abuses its discretion—when it grants mandamus relief absent these circumstances. *Id.* Mandamus is an extraordinary remedy and, obviously, should not be used to substitute for an interlocutory appeal where an interlocutory appeal is proscribed. *Lucas v. Wright,* 370 S.W.2d 924, 926 (Tex.Civ.App.—Beaumont 1963, orig. proceeding).

This Court lacks jurisdiction to issue writs of mandamus to supervise or correct incidental rulings of a trial judge when there is an adequate remedy by appeal. *Abor v. Black,* 695 S.W.2d 564 (Tex.1985). Generally, a plea in abatement is such an incidental ruling. *Id.* at 566–567; *see also Pope v. Ferguson,* 445 S.W.2d 950, 954 (Tex.1969), *cert. denied,* 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970). In *Abor v. Black,* the Texas Supreme Court, after stating that a plea in abatement is an incidental ruling, nonetheless held that a writ of mandamus will issue to direct a trial judge to enter or set aside a particular order when the directed course of action is the only proper course and the petitioner has no other remedy. *Id.; see also Curtis v. Gibbs,* 511 S.W.2d 263 (Tex.1974).

In *McMullen v. Yates,* 697 S.W.2d 500 (Tex.App.—San Antonio 1985, orig. proceeding), the court held that mandamus relief was not available where a trial court *compelled* arbitration, even assuming that the trial court incorrectly ruled. The court reasoned:

> It has been held that neither the delay in obtaining relief nor the added cost of the appellate process makes the remedy at law inadequate. *Iley v. Hughes,* 158 Tex. 362, 311 S.W.2d 648, 652 (1958). If we assume, while not deciding, that the court incorrectly compelled arbitration, the resulting delay is no more onerous than being forced to try a case in an inappropriate venue, or suffering an incorrect ruling on a plea to the jurisdiction, a plea in abatement, or any other interlocutory order that is not subject to correction by mandamus. *See Pope v. Ferguson,* 445 S.W.2d 950, 954 (Tex.

1969), *cert. denied,* 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970).

The court in *McMullen* also held that the petitioner had not shown a clear abuse of discretion. 697 S.W.2d at 502.

Relator must also show that respondent has clearly abused his discretion or acted in violation of a clear duty under the law. A clear abuse of discretion exists when the court's decision is contrary to the one compelled by the facts and circumstances, thereby actually extinguishing any discretion in the matter, *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917–18 (Tex.1985), or is arbitrary, or is unreasonable, or is reached without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–2 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

■ It is undisputed that the contract at issue contained an arbitration clause that provided that "any controversy arising under this Agreement shall be determined by arbitration." It is also undisputed that the Federal Arbitration Act applies to this contract. Section 3 of that act provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Energy Buyers in its first amended petition claims that relator "breached the contract totally" when it notified Energy Buyers that "it had no intention of further complying with the contract." This is an issue that is clearly "referable to arbitration."

Energy Buyers contend that relator is in "default in proceeding with such arbitra-

tion," and that relator has waived its right to arbitrate. Waiver of a contractual right to arbitration is not favored, and there is a presumption against it. *Miller Brewing Co. v. Fort Worth Distrib. Co.,* 781 F.2d 494, 497 (5th Cir.1986); *Fisher v. A.G. Becker Paribas Inc.,* 791 F.2d 691 (9th Cir.1986). Any examination of whether the right to arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements. *Fisher,* 791 F.2d at 694. Because waiver of the right to arbitration is disfavored, any party arguing waiver bears a heavy burden of proof. *Id.; see also Price v. Drexel Burnham Lambert, Inc.,* 791 F.2d 1156 (5th Cir.1986); *Sibley v. Tandy Corp.,* 543 F.2d 540 (5th Cir.1976), *cert. denied,* 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed. 2d 82 (1977); *General Guar. Ins. Co. v. New Orleans Gen. Agency, Inc.,* 427 F.2d 924, 929 n. 5 (5th Cir.1970).

Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party. *Miller Brewing Co. v. Fort Worth Distrib. Co.,* 781 F.2d at 497; *E.C. Ernst, Inc. v. Manhattan Constr. Co.,* 559 F.2d 268 (5th Cir. 1977), *cert. denied,* 434 U.S. 1067, 98 S.Ct. 1246, 55 L.Ed.2d 769 (1978). Mere delay in making an arbitration demand does not constitute waiver; it is only when this delay results in actual prejudice that it may amount to a waiver. *Michelin Tire Corp. v. Todd,* 568 F.Supp. 622 (D.C.Md.1983); *see also Tenneco Resins, Inc. v. Davy Int'l,* 770 F.2d at 420–21 (no waiver of right to arbitration where party waited eight months before moving for stay pending arbitration and had filed answer, interrogatories, and request for production of documents, moved for a protective order, and agreed to a joint motion for continuance requesting an extension of the discovery period); *Rush v. Oppenheimer & Co.,* 779 F.2d 885 (2d Cir.1985) (party did not waive right to arbitration despite its 18–month involvement in litigation, including taking extensive discovery, moving to dismiss, and

pleading affirmative defenses without raising its right to arbitration, where no prejudice to other party is shown).

■ Energy Buyers had the burden to establish waiver at the hearing on the plea to stay pending arbitration. The chronology of events since the lawsuit was initiated was clearly insufficient to establish waiver; Energy Buyers also had to establish prejudice. This it failed to do. Relator did not substantially invoke the judicial process. The only discovery during the period that the plea in arbitration was pending was limited to the special appearance of the two individual defendants. When Energy Buyers sought to depose relator's witnesses on the merits of the case, relator filed a motion to quash. The trial court granted the motion, holding that "depositions sought by plaintiff of representatives designated by USX Corporation shall not be taken except as to the special appearances pending a decision by this Court on USX Corporation's plea in abatement to Stay Action Pending Arbitration." Energy Buyers offered no proof of prejudice.[2]

■ Energy Buyers contended at the hearing on the plea, and contends now, that relator has waived its right to arbitration because relator repudiated the contract. Energy Buyers correctly asserts that it is basic contract hornbook law that a party may not disavow a contract and its obligations under it and then claim benefits pursuant to it. While this is a correct statement of law, it is inapplicable to this case. Here, the Federal Arbitration Act controls. Under that act, the breach or repudiation of a contract does not preclude the right to arbitrate. *See, e.g., Robert Lawrence Co. v. Devonshire Fabrics, Inc.,* 271 F.2d 402 (2d Cir.1959), *cert. dism'd,* 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960); *see also Miller v. Puritan Fashions Corp.,* 516 S.W.2d 234 (Tex.Civ.App.— Waco 1974, writ ref'd n.r.e.).

■ Energy Buyers also has argued that relator delayed by not requesting arbitra-

---

2. The Fifth Circuit has held that a determination that a party waived its right to arbitration is a legal conclusion, but that a finding of prejudice in support of that conclusion is a question of fact. *Price v. Drexel Burnham Lambert, Inc.,* 791 F.2d 1156.

tion before suit was filed, and that relator should have requested arbitration after its alleged breach in 1983. It is not necessary, however, for a party to have made a pre-suit demand for arbitration to move for a stay of proceedings. *General Guaranty Ins. Co. v. New Orleans Gen. Agency, Inc.*, 427 F.2d 924; *see also Mamlin v. Susan Thomas, Inc.*, 490 S.W.2d 634 (Tex.Civ. App.—Dallas 1973, no writ). We can find no law that requires a party to make a pre-suit demand for arbitration that may establish its own liability where, if that party remains inactive, a claim may never be formally pressed in either arbitration or a court proceeding. *General Guaranty Ins. Co.*, 427 F.2d at 928.

We conclude that the facts and circumstances of this case required a decision contrary to the one made by the trial court. We therefore hold that it was a clear error of law for the trial court to overrule the plea in abatement.

■ Relator has also established the second prong of the test for mandamus relief. There is no adequate remedy of appeal. The benefits of arbitration would be lost if the trial court's error was corrected only after a full trial on the merits. As the supreme court held in *Jampole v. Touchy*, 673 S.W.2d 569, 576 (Tex.1984), requiring a party to try its lawsuit, only to have that lawsuit rendered a certain nullity on appeal, falls short of a remedy by appeal that is equally convenient, beneficial, and effective as mandamus relief.

The petition for writ of mandamus is conditionally granted. We are confident that the trial judge will abide by our decision. A writ of mandamus will issue only if he fails to do so.