NY Life Ins. Co. v. Hillhouse 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-639-CV





NEW YORK LIFE INSURANCE COMPANY; NYLIFE, INC.;


AND HILLHOUSE ASSOCIATES INSURANCE, INC.,



 APPELLANTS


vs.





RONALD L. HILLHOUSE,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 93-15356, HONORABLE JERRY DELLANA, JUDGE PRESIDING



 





PER CURIAM


 Appellants New York Life Insurance Company ("New York Life"); NYLIFE, Inc.;
and Hillhouse Associates Insurance, Inc., attempt to appeal the trial court's order denying their
application to compel arbitration. See Texas General Arbitration Act, Tex. Rev. Civ. Stat. Ann.
arts. 224-249--43 (West 1973 & Supp. 1994) ("Act"). On appellee Ronald Hillhouse's motion to
dismiss the appeal, we will dismiss for want of jurisdiction.

 Hillhouse sued New York Life; NYLIFE, Inc.; and Hillhouse Associates Insurance,
Inc., for causes of action related to a contract. After answering, the three defendants filed an
application to compel arbitration and plea in abatement. On September 28, 1994, the trial court
signed an order on the application and plea. The court stated in the order that because Hillhouse
had commenced arbitration with NYLIFE, Inc., and Hillhouse Associates Insurance, Inc., the
motion was moot as to those defendants and no order as to them was required. The court then
denied the application to compel arbitration and plea in abatement as to New York Life.

 On October 28, appellants deposited cash with the district clerk in lieu of an appeal
bond. Hillhouse has moved to dismiss the attempted appeal on the ground that appellants
perfected their appeal beyond the twenty days allowed for appeals from interlocutory orders. See
Tex. R. App. P. 42(a)(3). Appellants respond that, under the Texas General Arbitration Act, a
trial court's refusal to compel arbitration is treated as a final judgment and appellate rule 42,
governing interlocutory appeals, does not apply. (1) Act art. 238--2(B) (West 1973); see Tex. R.
App. P. 42.

 If an application to compel arbitration is made pursuant to the Texas General
Arbitration Act, the Act authorizes an appeal from an order denying the application. Act art.
238--2(A)(1) (West 1973). The Act also provides that "the appeal shall be taken in the manner and
to the same extent as from orders or judgments in a civil action." Act art. 238--2(B) (West 1973). 
Appellants contend that the absence of the qualifier "interlocutory" before "orders or judgments"
in article 238--2(B) means that the appeal shall be taken in the manner of appeals from final orders
or judgments. We disagree. Orders and judgments are capable of being either interlocutory or
final depending on the context in which they occur. In the context of orders denying arbitration,
which normally precedes litigation, we think the statute contemplates orders that are rendered
before the conclusion of litigation and the resolution of all outstanding issues. Such orders being
inherently interlocutory, the logical consequence is that they should be appealed in the manner of
orders of the same class, that is, interlocutory orders. This conclusion is supported by the
decisions of other courts in which appeals from orders denying arbitration are considered to be
interlocutory appeals. E.g., D. Wilson Constr. Co. v. McAllen Indep. Sch. Dist., 848 S.W.2d
226, 228 (Tex. App.--Corpus Christi 1992, writ dism'd w.o.j.); Merrill Lynch, Pierce, Fenner &
Smith v. Eddings, 838 S.W.2d 874, 874-77 (Tex. App.--Waco 1992, writ denied); Central Texas
Clarklift, Inc. v. Simmons, 540 S.W.2d 745, 746 (Tex. Civ. App.--Waco 1976, no writ). See also
6 Richard Orsinger, Texas Civil Practice § 25:4[a] (1992 ed.). Because the manner of appealing
interlocutory orders when allowed by law is governed by Texas Rule of Appellate Procedure 42,
we apply that rule to this appeal.

 Rule 42(a)(3) requires parties appealing an interlocutory order to perfect their
appeal within twenty days after the order is signed. Appellants did not deposit cash in lieu of
bond until the thirtieth day after the order was signed. In the absence of a timely perfecting
instrument, this Court does not obtain jurisdiction of the appeal. Davies v. Massey, 561 S.W.2d
799, 801 (Tex. 1978); Ludwig v. Enserch Corp., 845 S.W.2d 338, 339-40 (Tex. App.--Houston
[1st Dist.] 1992, no writ). We therefore grant Hillhouse's motion and dismiss the appeal for want
of jurisdiction.


Before Chief Justice Carroll, Justices Jones and Kidd

Dismissed for Want of Jurisdiction

Filed: December 7, 1994

Do Not Publish

1.   In arguing this motion, neither side contends that the Federal Arbitration Act applies
to the trial court's order. See 9 U.S.C. §§ 1-16 (1988 & Supp. V 1993). Appellants invoked
their right in the trial court to compel arbitration under the Texas Act. Because an order denying
arbitration under the Federal Act is an unappealable interlocutory order, we would not have
jurisdiction in any event to consider an argument founded on the right to compel arbitration under
the Federal Arbitration Act. Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, (Tex. 1992); D.
Wilson Constr. Co. v. McAllen Indep. Sch. Dist., 848 S.W.2d 226, 228 (Tex. App.--Corpus
Christi 1992, writ dism'd w.o.j.).