## THE SULTANA.

### No. 2194.

District Court, W. D. New York.
March 8, 1948.

Desmond & Drury, of Buffalo, N. Y., for libelant.

Foster, Lott & Lutz, of Detroit, Mich., and Richards & Coffey, of Buffalo, N. Y. (Lawrence E. Coffey, of Buffalo, N. Y., of counsel), for respondents and claimant.

KNIGHT, District Judge.

Libelant prays that process may issue against the steamer Sultana, her engines, etc., and that all persons having or claiming to have any interest therein be cited to appear and answer and that process, with clause of foreign attachment, may issue against respondent Browning Steamship Company citing it to appear and answer; that if said respondent cannot be found within this district, then that all goods and particularly credits or monies belonging to it and now on deposit with the copartnership of Boland & Cornelius, Buffalo, N. Y.,

in the amount of $115,000 may be attached; that the latter be cited; that libelant may have decree for damages and costs and the steamer Sultana be condemned and sold; that he have a decree against Browning Steamship Company for said damages and costs; that he may have a jury trial.

Libelant alleges that he, a duly certified seaman and oiler, was hired on October 5, 1946, by respondent through Seafarers' International Union to work on said vessel, which was lying in navigable waters at a dock in Buffalo, N. Y.; that, while he was proceeding on deck to stern to report for duty, he was caused to fall through a hatch into the cargo hold by reason of the defective, unsafe and unseaworthy condition of the vessel and respondents' negligence, causing him loss of wages and personal injuries in the estimated sum of $115,000. It is further alleged that "said injuries being permanent have resulted in total incapacity from gainful occupation for the balance of his natural life."

Claimant Overlakes Freight Corporation alleged that it is the sole owner of said vessel, her engines, etc., and prayed to be allowed to defend. This prayer was granted and it then served its answer and propounded to libelant certain interrogatories, two of which read as follows:

"(4) State with particularity the amount of money received by libelant out of his employment from each individual employer for the years 1942, 1943, 1944, 1945 and 1946.

"(5) State the amount of money for the years 1942, 1943, 1944, 1945 and 1946 on which libelant paid income taxes on which income taxes were withheld by each employer or employers."

Libelant answered these as follows:

"(4), (5) Neither my own recollection nor my records supply sufficient information to enable me to answer these questions with any great degree of accuracy. I would state, however, that my approximate earnings during the years 1941–1945 averaged between * * * ($3,500) and * * * ($3,800) per year. For the years 1945 and 1946, I estimate that my income averaged from * * * ($3,200) to * * * ($3,-500) per year. From January, 1946, to July,

288

1946, I would estimate that my earnings totaled ($1,600)."

Claimant now moves, under Rule 32 of the Admiralty Rules, 28 U.S.C.A. following section 723, "for an order requiring libelant to inspect or cause to be inspected by his attorney in fact his income tax returns for the years 1942, 1943, 1944, 1945 and 1946, and secure certified copies thereof, and pro- duce the same and permit the inspection and copying or photographing thereof by or on behalf of the claimant * * *."

The supporting affidavit of Attorney Cof- fey alleges that "since libelant claims * * * he has suffered permanent injuries, in the event the question of damages be- comes material and evidence is offered on the subject of damages, the earnings record of the libelant will be important and mater- ial in the case * * *. That (he) should not be permitted to offer testimony of his earnings based on uncertain recollections and estimates when accurate and precise information is available and within his con- trol concerning such earnings."

Admiralty Rule 32 provides in part:

"Upon motion of any party showing good cause therefor and upon notice to all other parties, the court in which an action is pend- ing may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the mov- ing party, of any designated documents, papers, books, accounts, letters,' photo- graphs, objects, or tangible things, not privileged, which constitute or contain evi- dence material to any matter involved in the action and which are in his possession, cus- tody, or control * * *."

In determining libelant's prospective loss of earnings it is permissible in this case to consider his earnings for several years preceding the accident. 28 C.J.S., Ease- ments, § 1, page 625. In his answer to claimant's interrogatories he names several employers. Presumably they made with- holdings from his wages for income tax purposes.

26 U.S.C.A.Int.Rev.Code, § 55(a) (2) provides that income tax returns "shall constitute public records and shall be open to public examination and inspection to such extent as shall be authorized in rules and regulations promulgated by the President." The regulations so promulgated provide: "The return of an individual shall be open to inspection (a) by the person who made the return, or by his duly constituted at- torney in fact."

In Connecticut Importing Co. v. Conti- nental Distilling Corp., D.C.,E.D.Conn., 1 F.R.D. 190, 192, the court said:

"The only statute pertinent here is that now consolidated as 26 U.S.C.A.Int.Rev. Code, § 55. Nothing in this statute nor the regulations issued thereunder precludes a court of competent jurisdiction from re- quiring a disclosure of a tax return by the taxpayer in connection with civil litigation to which the taxpayer is a party."

See also Tague v. Delaware, L. & W. R. Co., D.C.,E.D.N.Y., 5 F.R.D. 337; Orange County Theatres, Inc. v. Levy, D.C.,S.D.N. Y., 26 F.Supp. 416, 418; June v. George C. Peterson Co., 7 Cir., 155 F.2d 963; Dick- heiser v. Pennsylvania R. Co., 3 Cir., 155 F.2d 266, affirming, D.C., 5 F.R.D. 5. The question here differs materially from that presented heretofore on defendants' inter- rogatories.

Claimant is therefore entitled to the order for which it prays.