KATHRYN R. CONNER, Plaintiff, v. JOSEPH ROBERT GILMORE, AlFRED R. RANIERE, and DiSABATINO AND RANIERE. INC., a corporation of the State of Delaware, Defendants.

(*December* 28, 1949.)

LAYTON, J., sitting.

*E. Ennalls Berl* and *James L. Latchum* (of the firm of Southerland, Berl and Potter) for Plaintiff.

*William Prickett* for Defendants.

Superior Court for New Castle County, No. 508, Civil Action, 1949.

LAYTON, Judge.

Plaintiff, a widow, sues for substantial damages as the result of the death of her husband by the alleged joint negligence of the defendants. She strenuously resists a demand by one of the defendants to produce for inspection copies of her husband's Federal and State tax returns for five years prior to his death. In my judgment the objection is without merit.

The pertinent regulation[1] governing the right to the production of Federal Tax returns states:

"Return of individual.

"The return of an individual shall be open to inspection (a) by the preson who made the return, or by his duly constituted attorney in fact; (b) if the maker of the return has died, or become legally incompetent, by the administrator, executor, trustee or guardian of his estate, or by the duly constituted attorney in fact of such administrator, executor, trustee, or guardian; (c) in the discretion of the Commissioner, by any heir at law, next of kin, or beneficiary under the will, of such deceased person, or by the duly constituted attorney in fact of such heir at law, next of kin, or beneficiary, upon a showing that such heir at law, next of kin, or beneficiary has a material interest which will be affected by information contained in the return * * *."

Were the demand for the production of her own returns, she

---

1. Code Fed. Regulations, Cumulative Sup., Title 26, Sec. 458, 302, p. 8401.

would be compelled to comply, *Par. (a) supra; Reeves* v. *Pennsylvania R. Co., (D. C. Del.)* 80 *F. Supp.* 107; *The Sultana, (D. C. W. D. N. Y.)* 77 *F. Supp.* 287. Were she the personal representative of her husband's estate, she would have the right to demand copies of his returns, *Par.* (b) *supra,* and, in a proper case, I believe could be compelled to apply for the production thereof in order that they could be inspected by an opposing party under Rule 34. Does the fact that plaintiff is not deceased's personal representative, although he has been dead for a year and a half and no administrator has been appointed, compel the conclusion that she cannot be required to apply for the production of his returns so that defendant may inspect them? I think not.

■■ The discovery rules of this Court, as in the case of the Federal rules, should be liberally construed. *Hickman v. Taylor, (3 Cir.)* 153 *F. 2d* 212; *Id., 329 U. S. 495, 67 S. Ct. 385, 91 L. Ed. 451.* To say that, under the facts here, plaintiff has no right to demand to see her deceased husband's return, contravenes Sec. (c) of the regulation. Clearly she has, at least, a limited right to demand, for her own inspection, copies of his returns, and if she would seek the processes of this Court to recover substantial damages for his death, she should be compelled to comply with reasonable demands by opposing parties for inspection for the purpose of discovery.

Broadly interpreted, I believe that plaintiff's deceased husband's tax returns are sufficiently within her "possession, custody or control" to justify an order requiring her to apply to the proper source for copies thereof so that, if her application is granted, Defendant may be allowed to inspect them. Compare *Zalatuka* v. *Metropolitan Life Ins. Co., (7 Cir.)* 108 *F. 2d* 405; *In re Hines, (2 Cir.)* 69 *F. 2d* 52. I shall require plaintiff to make a bonda fide application for the desired returns.