## Brei v. Sharon Steel Corporation

*Albert E. Acker*, for plaintiff.

*William J. Joyce*, for defendant.

McKAY, J., September 6, 1956.—Plaintiff has moved for a protective order to limit the scope of defendant's examination of plaintiff at a deposition hearing, pursuant to Pa. R. C. P. 4012.

The action is in trespass to recover damages for personal injuries sustained by plaintiff. In his complaint, plaintiff claims that his injuries prevented him from pursuing his trucking business and his garage business after February 28, 1955, the date of the accident. One of the issues is his loss of earning power, in which the amount of plaintiff's income during the years immediately preceding the accident are material. At deposition hearings already held, plaintiff has testified orally as to his earnings in 1953, 1954 and a portion of 1955, and has made his books and records

available to defendant. However, about 40 percent of his transactions including his expenses for wages to employes are not supported by any written records.

Defendant has subpœnaed plaintiff's copy of the joint income tax returns made by plaintiff and his wife to the Federal Government for the years 1953 through 1955. The purpose of the present motion for protective order is to prevent the disclosure at the hearing of the contents of these returns.

Plaintiff contends that income tax returns or their copies are immune from examination of defendant, first because they are privileged, and second because their production in the present case is unnecessary.

The first contention poses a difficult and novel question of law. Pa. R. C. P. 4011 provides in part that "no discovery or inspection shall be permitted which (c) relates to matter which is privileged . . .".

There is no principle of common law which makes income tax returns or their copies privileged. They come within the clause of privileges mentioned by Wigmore, 3d ed., §2377, as ". . . privileges, all statutory in origin, covering sundry *matters required by law to be reported to some administrative official.*

"(1) Reports of *taxable property* made to the assessor, or like official, are in some jurisdictions thus privileged; although the measure is not always expressly made applicable to judicial proceedings, but merely forbids disclosure generally."

Inasmuch as any privilege to be attached to income tax returns must be found in the statute providing for them, it is necessary to examine the pertinent Act of Congress to determine whether such records are privileged. The Act of October 8, 1940, 54 Stat. at L. 1008, as amended, 26 U. S. C. §55, provides, in part:

"Returns . . . shall constitute public records; but, except as hereinafter provided in this section, they shall be open to inspection only upon order of the

President and under rules . . . prescribed by the Secretary and approved by the President."

The regulations promulgated by the President provide:

"The return of an individual shall be open to inspection (a) by the person who made the return, or by his duly constituted attorneys in fact."

Construing the above act and regulation, the Federal courts have divided on the question whether copies of income tax returns are privileged in actions between private individuals.

In O'Connell v. Olsen and Ugelstadt in the United States District Court for the Northern District of Ohio, 10 F. R. D. 142 (1949), defendant moved for the production and inspection of plaintiff's income tax returns. The action was to recover damages for personal injuries. The court (Jones, C. J.) refused the motion, stating, page 143:

"The Internal Revenue Code, 26 U. S. C. A. §55, and regulations issued thereunder provide that tax returns shall be confidential and disclosed only upon application of the plaintiff or his attorney in fact. No provision is made for the production of such returns upon order of a Federal Court. Until such provision is made, this section of the Court has been and is of the opinion that such returns are, in private civil actions, confidential information between the taxpayer and the Government and should not be open to inspection under Rule 34, Federal Rules of Civil Procedure, 28 U. S. C. A. Such a ruling is in accord with previous holdings that documents which have been declared confidential by Federal department rulings are not open to discovery under Rule 34. 2 Moore's Federal Practice 2641, F. N. 1.

"Such a ruling will have no serious consequences as the information desired can be obtained by intelligent use of other discovery procedure."

The same court rendered a similar decision in the case of Loew's, Inc., v. Martin, 10 F. R. D. 143 (1949).

The United States Court of Appeals for the Sixth Circuit refused to order copies of tax returns, including Federal income tax returns, to be produced, without assigning any reason, in the case of United Motion Theatre Co. v. Ealand, 199 F. 2d 371 (1952).

The United States District Court for the District of Columbia (Youngdahl, J.) vacated a subpœna duces tecum to produce an income tax return in a civil action, citing the O'Connell case, supra, and adding:

"I am in accord with the doctrine expressed in this statement. It is my conviction that until the Congress declares otherwise, to require the production of income tax returns in private civil actions would open the door to innumerable abuses. The Court is of the opinion moreover that aggressive and intelligent use of other discovery procedure will disclose the desired information sought to be obtained by the production of the income tax returns": Maddox v. Wright et al., 103 F. Supp. 400 (1952).

The United States District Court for the Eastern District of Tennessee denied a motion by defendant that plaintiffs be required to produce for inspection their income tax returns pursuant to the Federal discovery rules in the case of Austin v. Aluminum Co. of America, 15 F. R. D. 490 (1954). The court states, page 490:

"By force of statute, income tax returns are confidential communications between the taxpayer and the government, not directly available to third parties except as provided by law or regulations, 26 U. S. C. §55. No statutory or regulatory rule exists for the invasion of privilege here sought by defendant. What is not directly available should not be made indirectly

available by court order in an action between private litigants." (Citing cases.)

On the other hand the District Court of Connecticut in the case of Connecticut Importing Company v. Continental Distilling Corporation, 1 F. R. D. 190 (1940) (Hincks, D. J.), granted a motion for the production of copies of the plaintiff's Federal income tax returns for inspection in an action for damages and loss of profits where plaintiff's income was highly relevant. The court held that the Act of Congress here considered did not preclude a court from requiring a disclosure of a tax return from a taxpayer in connection with civil litigation to which the taxpayer is a party. With respect to privilege the court said, page 192:

"The statutory privilege is limited to the prohibition of disclosures by officers of the government; and it is further limited by specified exceptions whereby under specified circumstances even government officials may disclose the communications. And the courts, when once satisfied that a given case falls outside the statutory privilege, refuse to recognize any privilege whatever and accord to the communication such admissibility as it would under the controlling law of evidence (citing cases). In Corliss v. United States, 8 Cir., 7 F. 2d 455, copies of tax returns were held inadmissible not because of a claimed privilege, but because under the law of evidence no basis there existed for the use of copies in lieu of originals. And from Greenbaum v. United States, 9 Cir., 80 F. 2d 113, it is further apparent that income tax returns in a case not within the limited statutory privilege have a status no different from other items of evidence."

Similarly, the District Court for the Western District of New York (Knight, D. J.), held in The Sultana, 77 F. Supp. 287 (1948), an admiralty action for injuries to a seaman, that the libellant was re-

quired, on motion, to produce income tax returns showing income for the years immediately preceding the action. The court followed Connecticut Importing Company v. Continental Distilling Corporation, supra, without additional comment.

In the case of Reeves v. Pa. R. Co., 80 F. Supp. 107 (1948), the United States District Court for the District of Delaware (Rodney, D. J.) required a plaintiff to obtain copies of his income tax returns and produce them for inspection under Federal Rule 34. The court relied upon the case of Connecticut Importing Company v. Continental Distilling Corporation, supra.

In the case of United States v. O'Mara, 122 F. Supp. 399 (1954), the United States District Court for the District of Columbia (Holtzzoff, D. J.) held that the statutory privilege accorded income tax returns filed with the Commissioner of Internal Revenue does not extend to the taxpayer's own copies of the returns, that the copies are subject to subpœna and that the failure to comply with a subpoena duces tecum for such copies issued by the congressional investigating committee constitutes contempt of Congress.

In two other cases, the court conceded that copies of income tax returns are not privileged, but refused to require their production in a civil action on the ground that the party seeking them had other evidence available. They are: Welty v. Clute, in the District Court for the Western District of New York, 2 F. R. D. 429 (1939), and Garrett v. Faust, in the United States District Court for the Eastern District of Pennsylvania, 8 F. R. D. 556 (1949).

In further support of his position, plaintiff has pointed to two recent decisions by Common Pleas Courts of Pennsylvania, Lawrence v. Philadelphia, 86 D. & C. 19 (1953), and Brauner v. Mutual Life Insurance Co. of N. Y., 4 D. & C. 2d 106 (1954). In the

Lawrence case, which involved personal injuries to plaintiff, the court refused to order defendant to answer interrogatories which would disclose the existence of information contained in city records. The reason given was that the city charter provides that under certain circumstances city records are not available for public inspection.

In the Brauner case, in which plaintiff's age was an issue, the court declined to order plaintiff to execute a formal printed request to the Bureau of Census to furnish a record of his age. The Act of Congrss which required the filing of census data contained a provision that " 'in no case shall information furnished under the authority of this act be used to the detriment of the person or persons to whom such information relates . . .' ".

Each of these cases has to do with a statute which expressly creates in broad language the privilege upon which the court founded its decision. As has been noted, the income tax act creates no privilege beyond the protection from disclosure by Government officers. The case before us is, therefore, distinguishable from the Lawrence and Brauner cases.

Facing this division of authority, we are of the opinion that better reason supports the view that copies of income tax returns in the taxpayer's hands are not privileged but are subject to subpœna. Inasmuch as the question of their privilege is statutory, and the statute in question was apparently drawn to protect undue exposure by the Government of the income of its citizens as an inducement to encourage the citizens to more freely divulge information with respect thereto, there would seem to be no reason why the copies of returns should not be made available to parties in a civil action where the information contained in them is relevant. The citizen cannot complain because evidence of his income is being made

public since he himself has made his income an issue in an action in the courts. Therefore, we hold that the act of Congress under consideration does not protect a litigant from producing copies of his income tax returns on the ground of privilege.

We are further of the opinion that there is no merit to plaintiff's second objection, namely, that use of the returns is not necessary due to the fact that defendant can obtain all of the needed information as to his income for the years in question from other sources of information than plaintiff's income tax return. It is true that plaintiff has made his books and records available to defendant at deposition hearings already held. However, they are so incomplete that it is obvious that much of plaintiff's evidence at the trial as to his income prior to the accident will consist of his own oral testimony. Defendant should be permitted to test the accuracy of his testimony by any written declarations made by plaintiff prior to instituting the present suit. The copies of his income tax returns to the Federal Government constitute such declarations and, in the present case, could well be the only written evidence available for that purpose.

Plaintiff further contends that the returns are irrelevant for the reason that they are the joint returns of himself and his wife. However, the mere fact that the returns contain certain irrelevant matter would not bar their use as evidence when they also contain facts that are clearly relevant.

Accordingly we enter the following order

### Order

Now, September 6, 1956, the motion of plaintiff in the above entitled case for a protective order to limit the scope of the examination of defendant at deposition hearings so as not to require the production of the income tax returns of plaintiff and his wife for the years 1953, 1954 and 1955 is denied.