PAUL RHODES, APPELLANT, V. CHARLOTTE EDWARDS ET AL.,
APPELLEES.

135 N. W. 2d 453

Filed May 21, 1965. No. 35907.

Paul Rhodes, pro se.

James L. Macken, for appellees.

Heard before White, C. J., Carter, Spencer, Boslaugh, Brower, Smith, and McCown, JJ.

Carter, J.

This is an appeal by the plaintiff from an order of the district court for Morrill County dismissing plaintiff's petition without prejudice for failure to comply with an order to produce copies of his 1958 and 1959 federal income tax returns.

Plaintiff commenced an action on April 8, 1963, against the defendants on a note dated April 9, 1958, for $6,515.36 and interest upon which a credit for $1,568 was endorsed on October 26, 1958. The defendants' answer and cross-petition alleges that the note was given for a one-half interest in a drugstore in Bridgeport, Nebraska, and the execution of a written partnership agreement which was never consummated by the plaintiff. Defendant Jack Edwards alleged that he assumed the management of the drugstore on February 24, 1958, and continued as manager until October 26, 1958. He contends that the assets in the drugstore on October 26, 1958, were of sufficient value to equal plaintiff's capital investment and the amount of the note in suit. Defendants seek to recoup the amount of the note and counter-claim for damages sustained by plaintiff's breach of contract.

Plaintiff in his reply asserts laches and the statute of limitations as defenses. In addition thereto plaintiff alleges that defendant Jack Edwards purchased the drugstore from a trustee in bankruptcy and borrowed $3,400 from plaintiff to complete payment for the same. Plaintiff further alleges that Edwards conveyed a one-half interest to him on February 25, 1958, and the business was thereafter operated as a partnership until it was dissolved on October 26, 1958, by mutual agreement.

Plaintiff alleges further that he advanced further sums for the operation of the partnership business in the amount of $11,800, one-half of which is a capital investment of Edwards. Plaintiff alleges that an accounting

was had and as a result a chattel mortgage on Edwards' half interest was given to plaintiff in addition to his securing a cosignor on the note, Charlotte Edwards being such cosigner, as payment for the amount due. Plaintiff alleges that defendant Jack Edwards is estopped to deny the partnership and asserts his right to judgment as prayed.

On March 24, 1964, defendants moved for an order, pursuant to section 25-1267.39, R. R. S. 1943, requiring plaintiff to produce and permit inspection of certain specified documents including his federal income tax returns for 1958 and 1959. The order was granted by the trial court. Plaintiff sought a rehearing on the grounds that the federal income tax returns were privileged, that plaintiff did not have copies of said returns, and that defendants' attorney learned of the contents of the returns by unlawful means which amounted to an unlawful search and seizure, contrary to the state and federal Constitutions. The trial court overruled the motion for a rehearing.

On May 11, 1964, plaintiff moved for a vacation of the discovery order on substantially the same grounds as asserted in his previous motion for a rehearing. On June 5, 1964, the trial court modified its previous order by requiring plaintiff to produce only those parts of the 1958 and 1959 federal income tax returns relating to the operation of the drugstore business. The amending order also recites the plaintiff's assertion that he made only joint returns with another person and that he was prohibited by federal law from making the disclosure. The court's order fixed July 6, 1964, as the time in which the income tax returns should be produced. On July 7, 1964, the trial court dismissed plaintiff's petition without prejudice for failure to comply with the discovery order. A motion for a new trial was filed, which was overruled. Plaintiff then perfected this appeal.

It is provided in part by section 25-1267.39, R. R. S. 1943: "Upon motion of any party showing good cause

therefor and upon notice to all other parties, and subject to the provisions in section 25-1267.22, the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by section 25-1267.02 and which are in his possession, custody, or control; * * *."

Plaintiff contends the trial court erred in requiring him to produce copies of his 1958 and 1959 federal income tax returns for the reason that they are privileged and specifically excluded by the provisions of section 25-1267.39, R. R. S. 1943. A court in which a civil action is pending may require one party to produce a copy of a federal income tax return for inspection by an adverse party under the rules or statutes which deal with discovery procedures. Cases supporting this holding are collected in section 3 of the Annotation on Discovery—Income Tax Returns, 70 A. L. R. 2d 244.

The effect of the privilege provided by federal statute is stated in Kingsley v. Delaware, Lackawanna & Western R.R. Co., 20 F. R. D. 156, as follows: "The purpose of the statute is to prevent the disclosure of confidential information to those who do not have a legitimate interest in it. But once a person has made the amount of his income an issue in litigation it becomes a legitimate subject of inquiry and he can no longer claim that the information contained in his returns is confidential." See, also, Connecticut Importing Co. v. Continental Distilling Corp., 1 F. R. D. 190; Currier v. Allied New Hampshire Gas Co., 101 N. H. 205, 137 A. 2d 405, 70 A. L. R. 2d 237; Bush v. Chicago, B. & Q. R.R. Co., 22 F. R. D. 188.

Plaintiff asserts that he had no copies of his federal income tax returns for 1958 and 1959 and they were not

therefore within his possession, custody, or control within the meaning of section 25-1267.39, R. R. S. 1943. Copies of a taxpayer's income tax returns are in his possession and control within the meaning of the statutes, where he does not have copies but can obtain them from the federal government on application. Conner v. Gilmore, 45 Del. 184, 70 A. 2d 262; Gould v. Sullivan, 54 N. Y. S. 2d 430; Mandell v. Yellow Cab Co. (Ohio), 170 N. E. 2d 296; Kingsley v. Delaware, Lackawanna & Western R.R. Co., *supra;* Reeves v. Pennsylvania R.R. Co., 80 F. Supp. 107; Paramount Film Distributing Corp. v. Ram, 91 F. Supp. 778.

Some contention is made that plaintiff is excused from compliance with the court's discovery order because no provision was made for the cost of the copies of the income tax returns by the defendants. No demand was made for such expenses in the trial court. While the trial court may provide for the payment of such expenses in advance, it is not required to do so. Unless demand for the expenses is made, the plaintiff cannot be excused from compliance on that ground. In any event, the question of expenses was not an issue in the district court nor is it assigned as error on this appeal.

Plaintiff contends that he made no individual income tax returns in 1958 and 1959. He argues that his returns were joint ones with his wife, and that he is prohibited by law from disclosing the contents of the joint returns. The trial court limited its order to information relating to the drugstore. It stands to reason that a taxpayer may not avoid a discovery order merely because he is a party to a joint return. The trial court has authority to protect against an unreasonable use of the returns, which it did in the instant case. Even though his return is a joint one, it is still his return and must be produced. His remedy, if improper use is anticipated, is to invoke the powers of the court to insure proper use. Plaintiff cites no case authority on the question. In Brei v. Sharon Steel Corp., 8 Pa. D. & C. 2d 483, the court stated with

reference to a joint tax return made by a husband and wife: "Plaintiff further contends that the returns are irrelevant for the reason that they are the joint returns of himself and his wife. However, the mere fact that the returns contain certain irrelevant matter would not bar their use as evidence when they also contain facts that are clearly relevant." Where the trial court has limited the discovery order, as here, to matters relevant to the issues before the court, it is not an excuse for noncompliance with the discovery order that plaintiff's income tax return was joint and not his individually.

The plaintiff refused to comply with the trial court's order to produce copies of his income tax returns for 1958 and 1959, and the trial court dismissed his action without prejudice. Plaintiff contends that the action of the trial court is violative of Article I, section 3, Constitution of Nebraska, the Fifth and Fourteenth Amendments to the Constitution of the United States, and to 26 U. S. C. A., § 7213, p. 228.

It is provided in part by section 25-1267.44, R. R. S. 1943, as follows: "(2) If any party * * * refuses to obey * * * an order made under section 25-1267.39 to produce any document * * * the court may make such orders in regard to the refusal as are just, and among others the following: * * * dismissing the action or proceeding or any part thereof, * * *." We point out that a discovery statute without means of enforcement by the trial court would be of little value. The statute specifically authorizes a dismissal of the action for failure to comply with a discovery order. Plaintiff had every opportunity to comply and refused to do so. The dismissal of the action without prejudice is a common and recognized method of enforcing its orders. Plaintiff knew, or should have known, that he could not persist in refusing to comply with the court's order, after hearing, without suffering the penalties with which the court is empowered in enforcing its discovery orders.

The holding that federal income tax returns are not

privileged when material to the issues in an action or proceeding, that the fact that such returns jointly made with another is not a defense, and that such returns in the custody of the federal government are in his possession and control within the meaning of section 25-1267.39, R. R. S. 1943, eliminates any question as to due process under the state and federal Constitutions. To otherwise hold would permit the plaintiff to engage in litigation and to suppress evidence material to a proper decision of the case.

We find no error in the record. The judgment of the district court is correct and it is affirmed.

AFFIRMED.