Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/09/2023 08:07 AM CST

In re Interest of D.H., alleged to be a
mentally ill and dangerous person.
D.H., appellee, v. Mental Health Board of
the 10th Judicial District, appellant.

___ N.W.2d ___

Filed November 9, 2023.    No. S-23-032.

1. **Courts: Appeal and Error.** A district court by definition abuses its discretion when it makes an error of law.
2. **Judgments: Appeal and Error.** An appellate court independently reviews questions of law decided by a lower court.
3. **Courts: Judgments: Time.** No court is required to persist in error, and if the court concludes that a former ruling was wrong, the court may correct it at any time while the case is still in the court's control.

Appeal from the District Court for Adams County: Morgan R. Farquhar, Judge. Affirmed.

David A. Bergin, Deputy Adams County Attorney, for appellant.

D.H., pro se.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Papik, J.

In 1995, after D.H. attempted suicide, a mental health board initiated and obtained a mental health commitment. As a result of that commitment, federal and state law restricted D.H.'s rights to purchase and possess firearms. Decades later, D.H., pursuant to Nebraska statute, asked the mental health board to

remove those firearm restrictions. After a hearing, the board denied D.H.'s petition, and D.H. sought review in the district court. The district court initially affirmed the board's decision, but later sustained D.H.'s motion to reconsider, alter, or amend its earlier order and ordered reinstatement of D.H.'s firearm rights. The board appeals, arguing only that the district court must have misapplied the standard of review in granting D.H.'s motion to reconsider, alter, or amend. We disagree and affirm.

BACKGROUND

*Mental Health Commitment.*

In 1995, after sustaining a work-related head injury and experiencing difficulties in his marriage, D.H. attempted suicide by overdosing on prescription medications. He was 21 years old at the time.

After the suicide attempt, D.H. was admitted to the Hastings Regional Center under a commitment by the Mental Health Board of the 10th Judicial District of Nebraska (the board). Upon admission, D.H. stated that he had "done a foolish thing." He was diagnosed with an adjustment disorder, and he received no additional medications. D.H. was assigned treatment plans to work on his ability "to think and problem-solve" and to deal with his anger. After about 30 days, D.H. was discharged, having been deemed "capable of functioning in the community with continue[d] outpatient treatment."

In 2022, upon the State's motion asserting that D.H. had successfully completed the ordered treatment, the board dismissed D.H.'s commitment.

*Petition to Remove Firearm-Related Disabilities.*

As a result of D.H.'s mental health commitment, federal and state statutes restricted his rights to purchase and possess firearms. See, e.g., 18 U.S.C. § 922(g) (2018); Neb. Rev. Stat. § 69-2404 (Reissue 2018). In 2011, however, the Nebraska Legislature enacted a statute that created a procedure whereby those subject to firearm restrictions as a result of a mental

health-related commitment or adjudication can petition to have those restrictions removed. See Neb. Rev. Stat. § 71-963 (Reissue 2018). D.H. filed such a petition after his commitment was dismissed.

Section 71-963 entitles a petitioner to a hearing before the mental health board that initiated the commitment and requires the petitioner to prove by clear and convincing evidence that (1) he or she will not be likely to act in a manner dangerous to public safety, and (2) removing the firearm restrictions would not be contrary to the public interest. See § 71-963(2)(a)(i). If a petition filed under § 71-963 is granted, the commitment or adjudication "shall be deemed not to have occurred" for certain statutes that would otherwise restrict the petitioner's firearm rights. See § 71-963(5).

*Evidence Presented to the Board;*
*the Board Denies Petition.*

The board conducted a hearing on D.H.'s petition. The board took judicial notice of certain mental health records in its file pertaining to D.H.'s commitment.

D.H. testified. Consistent with the records generated in 1995, he explained the circumstances of his commitment. Other than the suicide attempt in 1995, D.H. denied ever contemplating suicide, trying to harm himself, or abusing substances. He denied any additional mental health diagnoses.

D.H. testified that his only criminal history was a 2004 conviction for criminal mischief, less than $200, for which he was sentenced to pay a $50 fine. D.H. recounted that he was cited for the offense because he punched a sign. The board received a record of the criminal mischief conviction and a fingerprint check by the Nebraska State Patrol showing no other criminal history.

At the time of the hearing, D.H. had been married for 14 years and was employed by two ride-hailing services. D.H. testified that he wanted a firearm to protect his family, especially when traveling to visit his children in other states.

The board also received letters attesting to D.H.'s character. In the letters, relatives, coworkers, and a former employer generally described D.H. as stable, responsible, hard-working, and adept at communicating with a variety of people.

The board denied D.H.'s request for removal of firearm disabilities. It found that D.H. had "failed to meet the necessary requirements as enumerated under Nebraska Statute." (Emphasis omitted.)

*Appeal to District Court.*

D.H. appealed the board's decision to the district court pursuant to § 71-963(4). As it did at that time, § 71-963(4) provides, "The petitioner may appeal a denial of the requested relief to the district court, and review on appeal shall be de novo." The district court's record on appeal consisted solely of the filings and proceedings before the board, which were filed contemporaneously in the district court. See Neb. Rev. Stat. § 71-917 (Reissue 2018). The district court did not hear or receive any new evidence. Neither party challenges this procedure in this appeal.

The district court initially entered an order affirming the board's denial of D.H.'s petition. The order identified the standard of review as "de novo" and then stated that "no evidence of abuse of discretion is evident in the record by the [board]." The district court further stated that the board "acts as the trier of fact and this Court gives significant deference to the factual determination of the [board]." The district court concluded that "a de novo review of the record shows no abuse of discretion, and it [cannot] be shown that the [board] failed to accurately weigh the changed circumstances under the statutory scheme with the evidence that was provided."

D.H. filed a motion to reconsider, alter, or amend. In the motion, he alleged that the district court misapplied the de novo standard of review set forth in § 71-963. Citing *Meier v. State*, 227 Neb. 376, 417 N.W.2d 771 (1988), a case brought under the Administrative Procedure Act, D.H. asserted that a

de novo standard of review requires the court to make independent findings of fact without reference to those made by the tribunal from which appeal is taken. According to D.H., the district court erred when it gave "significant deference" to the board's factual determinations and when it found "no abuse of discretion" by the board. D.H. further asserted that he had provided ample evidence to support every requirement set forth in § 71-963.

The district court entered a subsequent order sustaining D.H.'s motion to reconsider, alter, or amend and reversing the board's decision. In that subsequent order, the district court stated that it had considered all the information presented and found that D.H. had shown by clear and convincing evidence that he was not likely to act in a manner dangerous to the community and that granting the relief requested would not be contrary to the public interest. The district court therefore ordered that D.H.'s petition be granted and that his firearm rights be reinstated. From that order, the board appeals.

## ASSIGNMENT OF ERROR

The board assigns that the district court erred in sustaining D.H.'s motion to reconsider, alter, or amend the previous order.

## STANDARD OF REVIEW

[1,2] We have not previously identified the standard of review that applies when an appellate court is asked to review a district court's decision made under § 71-963. And we need not recognize a complete standard of review for all facets of such appeals today. The board contends that the district court erred by sustaining D.H.'s motion to reconsider, alter, or amend its previous order. More specifically, the board appears to argue that the district court committed an error of law by misapplying the governing standard of review in sustaining D.H.'s motion. We review rulings on a motion to alter or amend for an abuse of discretion. See *BCL Properties v. Boyle*, 314 Neb. 607, 992 N.W.2d 440 (2023). We have also

recognized that a district court "by definition abuses its discretion when it makes an error of law." *Stone Land & Livestock Co. v. HBE*, 309 Neb. 970, 973, 962 N.W.2d 903, 907 (2021), quoting *Koon v. United States*, 518 U.S. 81, 116 S. Ct. 2035, 135 L. Ed. 2d 392 (1996) (internal quotation marks omitted). An appellate court independently reviews questions of law decided by a lower court. *Bruce Lavalleur, P.C. v. Guarantee Group*, 314 Neb. 698, 992 N.W.2d 736 (2023).

## ANALYSIS

The board's sole argument in this appeal is that the district court necessarily misapplied the "de novo" standard of review imposed by § 71-963(4). The board contends that, under our decision in *Meier, supra*, the district court, in conducting a de novo review, was not to ignore the findings made by the board or the fact that the board saw and heard the witnesses who appeared before it. But, according to the board, the district court must have ignored the board's findings and the fact that it saw and heard the witnesses when the court ultimately found D.H. was entitled to relief. As the board sees it, that is the only possible explanation for the district court's reversal of course after its initial decision. We disagree.

The board is correct that *Meier v. State*, 227 Neb. 376, 382-83, 417 N.W.2d 771, 776-77 (1988), stated that in conducting a de novo review of an agency decision, a court is not to "ignore the findings made by [the agency] and the fact that it saw and heard [the] witnesses who appeared before it." Contrary to the board's argument, however, we see no basis to conclude that the district court disregarded this aspect of its de novo standard of review. The district court's ultimate order did not state it was ignoring any findings made by the board or the fact that the board heard and saw the witnesses. And, as we will explain, we can identify other plausible explanations for the district court's decision to amend its initial order.

First, the district court may have determined that it had applied the wrong standard of review in its initial order. The

initial order referred on multiple occasions to the absence of an "abuse of discretion" by the board. Section 71-963(4), however, does not mention abuse of discretion as the governing standard of review and instead provides that the district court's "review on appeal shall be de novo."

Relatedly, it also strikes us as possible that the district court determined that it had given unwarranted deference to the board in its initial order. The district court's initial order stated that it had given "*significant deference* to the factual determination of the [board]" (emphasis supplied). In a de novo review, a court is not to ignore the findings of fact made by the inferior tribunal and the fact that the inferior tribunal saw and heard the witnesses who appeared at its hearing. See *In re App. No. P-12.32 of Black Hills Nebraska Gas*, 311 Neb. 813, 976 N.W.2d 152 (2022). But neither does a de novo review *require* the reviewing court to defer to the lower tribunal's findings. As we have often said, in a de novo standard of review, where the evidence is in conflict, an appellate court will consider and *may* give weight to the fact that the inferior tribunal observed the witnesses and accepted one version of the facts rather than another. *Id.* See, also, *In re Margaret L. Matthews Revocable Trust*, 312 Neb. 381, 979 N.W.2d 259 (2022); *Schmid v. Simmons*, 311 Neb. 48, 970 N.W.2d 735 (2022); *In re Application No. OP-0003*, 303 Neb. 872, 932 N.W.2d 653 (2019); *Denali Real Estate v. Denali Custom Builders*, 302 Neb. 984, 926 N.W.2d 610 (2019). Here, the district court may have determined that, under the circumstances, significant deference was not justified.

[3] Finally, we cannot dismiss the possibility that the district court simply reappraised the evidence upon receiving D.H.'s motion to reconsider, alter, or amend and, after a second look, reached a different conclusion. As we have observed, no court is required to persist in error, and if the court concludes that a former ruling was wrong, the court may correct it at any time while the case is still in the court's control. *Pinnacle Enters. v. City of Papillion*, 302 Neb. 297,

923 N.W.2d 372 (2019). D.H.'s motion to reconsider, alter, or amend afforded the district court an opportunity to reconsider its earlier ruling, and it was entitled to conclude that its initial order was simply incorrect.

In sum, we see no basis to conclude that the district court committed the error of law the board claims or otherwise abused its discretion in sustaining D.H.'s motion to reconsider, alter, or amend. And because the board makes no argument that the evidence was insufficient to support the district court's decision, we do not consider that issue.

## CONCLUSION

The board has not demonstrated any error on the part of the district court. We therefore affirm.

Affirmed.