Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/20/2025 09:09 AM CDT

Pranay Bajjuri et al., appellees, v. Amogh Karney
et al., appellees, and Anand Karney and
Sudha Karney, appellants.

___ N.W.3d ___

Filed June 20, 2025.    No. S-24-409.

1. **Pretrial Procedure: Appeal and Error.** Discovery sanctions rest within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion.

2. **Judgments: Appeal and Error.** An appellate court reviews rulings on a motion to alter or amend for an abuse of discretion.

3. **Judges: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.

4. **Rules of the Supreme Court: Pretrial Procedure.** Neb. Ct. R. Disc. § 6-337 provides a range of sanctions that a court may impose for specific violations of discovery rules, including entry of a default judgment and an award of attorney fees.

5. ____: ____. Neb. Ct. R. Disc. § 6-337(b)(2) empowers the court to order the party failing to obey the order or the attorney advising him or her, or both, to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

6. **Pretrial Procedure.** The primary purpose of the discovery process is to explore all available and properly discoverable information to narrow the fact issues in controversy so that a trial may be an efficient and economical resolution of a dispute.

7. **Rules of the Supreme Court: Pretrial Procedure.** A party's failure to answer properly served interrogatories or to seasonably supplement discovery responses may be grounds for sanctions imposed under Neb. Ct. R. Disc. § 6-337.

8. ____ : ____. Factors relevant to Neb. Ct. R. Disc. § 6-337 sanctions include (1) the prejudice or unfair surprise suffered by the party seeking sanctions, (2) the importance of the evidence which is the root of the misconduct, (3) whether the court warned the sanctioned party about the consequences of its misconduct, (4) whether the court considered less drastic sanctions, (5) the sanctioned party's history of discovery abuse, and (6) whether the sanctioned party acted willfully or in bad faith.

9. **Rules of the Supreme Court: Pretrial Procedure: Words and Phrases.** Under Neb. Ct. R. Disc. § 6-334, a party is required to produce documents if the documents are within the party's possession, custody, or control. Documents are within the party's possession if the party has a legal right to obtain them.

10. **Corporations: Records.** Members and managers of limited liability companies are empowered to obtain limited liability company records under Neb. Rev. Stat. § 21-139 (Reissue 2022).

Appeal from the District Court for Douglas County: Shelly R. Stratman, Judge. Affirmed.

Sean A. Minahan and Darlene Gomez, Senior Certified Law Student, of Lamson, Dugan & Murray, L.L.P., for appellants.

Josiah J. Shanks and Scott D. Jochim, of Croker Huck Law Firm, for appellees Pranay Bajjuri et al.

Funke, C.J., Cassel, Stacy, Papik, Freudenberg, and Bergevin, JJ.

Per Curiam.

## I. NATURE OF CASE

The district court for Douglas County sustained a motion for discovery sanctions under Neb. Ct. R. Disc. § 6-337 (Rule 37) and entered default judgment and attorney fees against Anand Karney and Sudha Karney (the appellants) and Sarkit, Inc. Although the discovery rules were amended in 2025, the district court applied the prior rules, as do we. These discovery sanctions were based on, inter alia, the district court's finding that the appellants had "repeated discovery violations [and] inexcusable recalcitrance" and had "been previously warned of sanctions." Because we find no abuse of discretion, we affirm.

## II. STATEMENT OF FACTS

In February 2022, Pranay Bajjuri; Nirmal Gorla; Sathwik Madishetti; Terraland Holdings, LLC; and SSRRW, LLC (collectively the appellees), sued the appellants and others for, inter alia, unjust enrichment, fraud, and civil conspiracy.

This appeal concerns discovery sanctions entered against the appellants, and we limit our statement of facts to their appellate claims. The discovery sanctions stem from the appellants' failure to produce financial and organizational documents and records related to defendants Shiba Prop Limited Liability Company, Narke Holdings LLC, and Ark Capital Brookside LLC. Defendant Sarkit, against whom judgment was also entered, waived its appellate rights in reliance on a settlement with various parties, and we make incidental reference to Sarkit as necessary.

The operative complaint generally alleged that the appellants conspired to fraudulently induce the appellees to invest money in various limited liability companies (LLCs) that would purchase real property and then operate the real property as rental properties. The appellants allegedly diverted the investments for their own personal gain. Specifically, as it related to defendant Shiba Prop, the appellees alleged that although they believed they purchased membership interests in Shiba Prop, they did not ultimately receive those interests. In this regard, they alleged that appellant Anand Karney executed at least five different operating agreements of Shiba Prop in a short period of time, thereby confusing ownership interests to the detriment of investors.

The appellees argued that the appellants solely owned, controlled, and operated defendants Shiba Prop and Ark Capital Brookside, and it is undisputed that the companies' principal place of business was the appellants' Omaha residence.

In August 2022, the court issued a scheduling order directing that discovery be completed by February 1, 2023, and trial was set for April 2023. Discovery requests were served on the defendants in September 2022. Evidence produced

was subject to a protective order for attorneys' eyes only, but because discovery was not progressing, the court removed the protective order. Before and after removal of the protective order, the appellants opposed discovery.

In February 2023, one defendant, Amogh Karney, filed a motion to dismiss the appellees' amended complaint, asserting that it was frivolous. The appellants also filed a motion to dismiss and requested attorney fees. See Neb. Rev. Stat. § 25-824 et seq. (Reissue 2016).

In a March 2023 order, the district court denied Amogh Karney's and the appellants' motions to dismiss. At that time, the court held all questions of attorney fees and costs raised by the parties in abeyance. In its order, the district court emphasized that § 25-824 allows for

> an award of attorney's fees when an action is frivolous or when an "action or any part of the action was interposed solely for *delay* or *harassment.* If the court finds that an attorney or party *unnecessarily expanded the proceedings by other improper conduct*, including, but not limited to, *abuses of civil discovery procedures*, the court shall assess attorney's fees and costs."

(Emphasis in original.)

Thereafter, the appellants served written responses to the first set of requests for production of documents but did not produce documents. The record shows that the appellees notified the appellants that the responses were deficient. Although the defendants objected to each of their subpoenas, the appellees obtained records subpoenas.

In May 2023, the appellees moved to compel production of documents. The district court addressed each request for production of documents listed and the appellants' objections thereto. In an order to compel, the court ordered the appellants to produce discovery in compliance with its order by July 18. Although the appellants ultimately produced some documents before this deadline, the documents produced omitted communications known to be in the possession of appellant Anand

Karney, including emails between himself and financial institutions (who were subpoenaed by the appellees) and between appellant Anand Karney and defendant Amogh Karney.

The appellants did not produce anything with respect to the following requests for production:

- Request No. 3 — Any and all documents relied upon or referred to in responding to Plaintiffs' First Set of Requests for Admissions to Defendants;
- Request No. 9 — Any expert report prepared by any testifying expert you intend to call in this case;
- Request No. 10 — Any and all communications with any testifying expert you intend to call in this case;
- Request No. 11 — Copies of all bank statement[s] in the possession, custody and/or control of the Defendants which evidence any payments made by any party to this case (whether a Plaintiff or a Defendant) related in any way to the investments which are the subject matter of this case;
- Request No. 12 — Copies of all bank statements in the possession, custody, and/or control of the Defendants which evidence any payments made to any party to this case (whether a Plaintiff or a Defendant) related in any way to the investments which are the subject matter of this case;
- Request No. 14 — Copies of all financial statements provided to the Plaintiffs in connection with the investments which are the subject matter of this case;
- Request No. 15 — Copies of all distributions made by any limited liability company related in any way to the investments which are the subject matter of this case; [and]
- Request No. 19 — Copies of all financial statements of any limited liability company associated with the Defendants that was in any way involved with the investments which are the subject matter of this case from November 1, 2019 to the present.

In September 2023, the appellees filed a motion for sanctions against the appellants and against Amogh Karney, Shiba Prop, Narke Holdings, and Sarkit. The motion sought default judgment and attorney fees under Rule 37, based on the appellants' discovery violations and failure to comply with the court's order to compel. The court scheduled an evidentiary hearing and warned the appellants that evidence would need to be produced to the court at the evidentiary hearing and that sanctions were likely.

The appellants did not correct the discovery violations, and the court sustained the motion for sanctions. In doing so, the district court stated that the appellants had "frustrated the discovery process at every stage of litigation." The court found that the appellants had had "every chance to comply with discovery" and that the documents and records pertaining to the corporate entities were necessarily within the appellants' possession and control. It noted that members of a limited liability company (LLC), including the appellants, are responsible for the possession, custody, and control of documents and may not escape liability and simply shed responsibilities by claiming that an alleged manager is in possession and control of the documents of the LLC. The district court concluded that the sanctions of a default judgment and attorney fees were appropriate, based on the appellants' and other defendants' "inexcusable recalcitrance" with the discovery process.

Default judgment was entered against the appellants for $2,201,385.82. The amount of damages was supported by affidavit and documentation showing, inter alia, that the appellants had inflated ownership interests in six properties in which they claimed ownership of a total of $2,518,626.26 of net equities although they had invested only $274,520.70. The court specifically found that based on the evidence, and under the totality of the circumstances, the appellants were jointly and severally liable to the appellees under a theory of civil conspiracy. Pursuant to Rule 37, the court also awarded the appellees attorney fees of $180,645.68 and interest at

the statutory rate. The amount of damages is not at issue in this appeal.

Subsequently, the appellants filed a motion to alter or amend. The court denied the motion and found that all requirements for discovery sanctions were satisfied and that the appellees would have been extremely prejudiced had the motion for sanctions been denied. The district court found that throughout the course of litigation, the appellants "continued to oppose discovery and failed to turn over any meaningful documents."

This appeal followed.

## III. ASSIGNMENTS OF ERROR

The appellants claim, summarized and restated, that the district court erred when it (1) sustained the motion for sanctions for discovery abuse, (2) entered default judgment against the appellants and awarded attorney fees to the appellees, and (3) overruled the appellants' motion to alter or amend.

## IV. STANDARDS OF REVIEW

[1] Discovery sanctions rest within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. See *Eletech, Inc. v. Conveyance Consulting Group*, 308 Neb. 733, 956 N.W.2d 692 (2021).

[2] An appellate court reviews rulings on a motion to alter or amend for an abuse of discretion. *In re Interest of D.H.*, 315 Neb. 458, 996 N.W.2d 867 (2023).

[3] A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Trausch v. Hagemeier*, 313 Neb. 538, 985 N.W.2d 402 (2023).

## V. ANALYSIS

The appellants claim generally that the district court abused its discretion when it granted the appellees' motion for sanctions and entered a default judgment of $2,201,385.82 and attorney fees of $180,645.69 as sanctions. They specifically

contend that the sanctions were not warranted; that the appellants were not at fault for the violations of discovery; that they were not provided reasonable notice that default judgment could be imposed; and that, if warranted, lesser sanctions should have been imposed. The appellees argue that the trial court's decision to impose sanctions, including the sanctions of default judgment and attorney fees, was not an abuse of discretion under the circumstances. We agree with the appellees and find no abuse of discretion.

## 1. Rule 37 Sanctions

[4] Rule 37 provides "a range of sanctions" that a court may impose for specific violations of discovery rules, including entry of a default judgment and an award of attorney fees. See John P. Lenich, Nebraska Civil Procedure, § 28:2 at 1291 (2025). Regarding a failure to comply with an order compelling discovery, Rule 37 provides that if a party or a party's officer, director, or managing agent—or a witness "designated under Rule 30(b)(6) or 31(a)"—fails to obey an order to provide or permit discovery, the court may issue further just orders, which may include the following:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him or her from introducing designated matters in evidence;

> (C) An order striking out pleadings or parts thereof or staying further proceedings until the order is obeyed or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the

failure to obey any orders except an order to submit to a physical or mental examination[.]

Neb. Ct. R. Disc. § 6-337(b)(2).

[5] Rule 37 also empowers the court to order "the party failing to obey the order or the attorney advising him or her, or both[,] to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Neb. Ct. R. § 6-337(b)(2).

[6] We have explained that the primary purpose of the discovery process is to explore all available and properly discoverable information to narrow the fact issues in controversy so that a trial may be an efficient and economical resolution of a dispute. *Eddy v. Builders Supply Co.*, 304 Neb. 804, 937 N.W.2d 198 (2020). The discovery process also provides an opportunity for pretrial preparation so that a litigant may conduct an informed cross-examination. *Id*. Moreover, pretrial discovery enables litigants to prepare for a trial without the element of an opponent's tactical surprise, a circumstance which might lead to a result based more on counsel's legal maneuvering than on the merits of the case. *Id*.

Where parties fall short of their discovery obligations, Rule 37 sanctions serve several purposes: (1) They punish a litigant or counsel who might be inclined to frustrate the discovery process, (2) they deter those who are tempted to break the rules, and (3) they prevent parties who have failed to meet their discovery obligations from profiting from their misconduct. *Hill v. Tevogt*, 293 Neb. 429, 879 N.W.2d 369 (2016).

Sanctions under Rule 37 exist

not only to punish those whose conduct warrants a sanction but to deter those, whether a litigant or counsel, who might be inclined or tempted to frustrate the discovery process by their ignorance, neglect, indifference, arrogance, or, much worse, sharp practice adversely affecting a fair determination of a litigant's rights or liabilities.

*Eddy v. Builders Supply Co.*, 304 Neb. at 817, 937 N.W.2d at 210.

## 2. Appellees' Motion for Sanctions

[7] We have previously held that a party's failure to answer properly served interrogatories or to seasonably supplement discovery responses may be grounds for sanctions imposed under Rule 37. *Eletech, Inc. v. Conveyance Consulting Group*, 308 Neb. 733, 956 N.W.2d 692 (2021) (affirming dismissal of counterclaim); *Eddy v. Builders Supply Co., supra* (affirming exclusion of witness' testimony). We have also upheld the dismissal of a plaintiff's complaint as a sanction for failure to produce documents related to the claims. See *Stanko v. Chalopuka*, 239 Neb. 101, 474 N.W.2d 470 (1991).

[8] Courts determining appropriate Rule 37 sanctions consider several relevant factors, including (1) the prejudice or unfair surprise suffered by the party seeking sanctions, (2) the importance of the evidence which is the root of the misconduct, (3) whether the court warned the sanctioned party about the consequences of its misconduct, (4) whether the court considered less drastic sanctions, (5) the sanctioned party's history of discovery abuse, and (6) whether the sanctioned party acted willfully or in bad faith. See *Eletech, Inc. v. Conveyance Consulting Group, supra*. Dismissal may be an appropriate discovery sanction under Rule 37 for an inexcusably recalcitrant party. *Eletech, Inc. v. Conveyance Consulting Group, supra*.

The district court's orders detailed its reasoning under the factors set forth above. We agree with the court's overall analysis but nevertheless address several of the appellants' specific arguments. All other arguments advanced by the appellants not discussed herein have been considered and rejected.

### (a) Notice of Sanctions

The appellants assert that they were not on notice of a possible sanction of default judgment or attorney fees. We do not agree. Based on our review of the record and the procedural history outlined above, it is clear that the appellants had been repeatedly put on notice at least since September 2022 of their obligation to respond to discovery. The appellants

did not make a meaningful attempt to respond to repeated requests for production of documents and did not comply with the district court's order to compel. The March 2023 order warned all parties that if the court found that an attorney or party """unnecessarily expanded the proceedings by other improper conduct, including, but not limited to, abuses of civil discovery procedures,""" it would impose sanctions. (Emphasis omitted.)

The operative motion for sanctions specifically sought default judgment and attorney fees for the appellants' failure to comply with the court's order to compel under Rule 37. Despite warnings from the court that evidence should be produced, the appellants did not cure the discovery violations. As requested by the appellees, sanctions were entered as foretold by the court in its March 2023 order. Sanctions under Rule 37 for failure to comply with a court order explicitly include "rendering a judgment by default against the disobedient party" and payment of expenses, including attorney fees. Neb. Ct. R. Disc. § 6-337(b)(2)(C).

#### (b) History of Discovery Abuse

[9] The appellants also contend that they did not abuse discovery, because they did not have control of documents and records sought to be produced. The record and law refute this contention. Under Neb. Ct. R. Disc. § 6-334, a party is required to produce documents if the documents are within the party's possession, custody, or control. Documents are within the party's possession if the party has a legal right to obtain them. See, e.g., *Rhodes v. Edwards*, 178 Neb. 757, 135 N.W.2d 453 (1965) (stating party could obtain copies of tax returns from federal government).

The appellants claim that the business documents sought are in the possession of Amogh Karney and beyond their control. We do not agree. Although our record is incomplete as to the extent of the alleged conspiracy among the defendants, the appellants were not powerless to produce documents. As

members of the LLCs, the appellants were empowered by law to make demand for, inspect, and copy certain records. See, e.g., Neb. Rev. Stat. § 21-139 (Reissue 2022) (describing rights of members under Nebraska Uniform Limited Liability Company Act).

The record provides references to the LLCs as both member managed and manager managed. But similar language applies to either form.

Section 21-139(a) provides that in a member-managed LLC:

> (1) On reasonable notice, a member may inspect and copy during regular business hours, at a reasonable location specified by the company, any record maintained by the company regarding the company's activities, financial condition, and other circumstances, to the extent the information is material to the member's rights and duties under the operating agreement or the Nebraska Uniform Limited Liability Company Act.
>
> . . . .
>
> (3) The duty to furnish information under subdivision (a)(2) of this section also applies to each member to the extent the member knows any of the information described in such subdivision.

In a manager-managed LLC, § 21-139(b) provides:

> (2) During regular business hours and at a reasonable location specified by the company, a member may obtain from the company and inspect and copy full information regarding the activities, financial condition, and other circumstances of the company as is just and reasonable if:
>
> (A) the member seeks the information for a purpose material to the member's interest as a member;
>
> (B) the member makes a demand in a record received by the company, describing with reasonable particularity the information sought and the purpose for seeking the information; and
>
> (C) the information sought is directly connected to the member's purpose.

[10] Here, the record shows, for example, that under an LLC operating agreement for Shiba Prop dated February 22, 2020, Anand Karney owned 99 percent and Sudha Karney owned 1 percent of the LLC. Shiba Prop was subsequently converted to a manager-led LLC in which Anand Karney was the sole manager. Therefore, it was possible for the appellants to obtain requested documents, and the appellants failed to demonstrate an inability to obtain the discovery. The district court was within its discretion when it determined that the appellants' efforts were not adequate. The district court did not abuse its discretion when it determined that the appellants, as members and managers of the LLCs for the relevant time periods, were empowered to obtain LLC records under, inter alia, § 21-139. The appellants were properly required to produce such documents, and they failed to demonstrate an inability or any frustrated attempts to do so.

By way of other examples, and in contrast to their failure to produce documents, the record shows that the appellants were able to obtain documents for the sale of real property when it was to their benefit. Moreover, the appellees demonstrated the existence of numerous records personal to the appellants and not the LLCs (e.g., banking records and email correspondence), which were in the control of the appellants but were not furnished in discovery and had to be obtained through records subpoenas. The district court also noted that the appellants did not supply any documents or evidence at the November 2023 hearing, with the exception of the unsworn affirmation of Anand Karney.

### (c) Frivolousness, Delay, or Harassment

The appellants also argue that the district court erred when it found that they engaged in frivolousness, delay, or harassment. The record is to the contrary, and we reject this argument.

The district court found that the appellants had "repeated discovery violations [and] inexcusable recalcitrance" and had "been previously warned of sanctions." The district court

noted a pattern in the appellants' conduct to delay or frustrate the discovery process throughout the proceedings, including after the motion to compel. At one point, the court explained:

> [The appellants] hid[] behind and abused a protective order, failed to turnover [sic] requested financial documents, then opposed a third party subpoena for those financial documents. [The appellants] also refused to schedule a deposition or continually misl[e]d [the appellees] in their efforts to schedule a deposition and violated local meet and confer rules. [The appellants] additionally willfully violated the Court's orders for discovery by not only failing to produce any meaningful documents, but by knowingly attending an evidentiary hearing in November 2023, in which they were required to produce evidence, yet attended the hearing and produced nothing.

Rule 37 permits entry of default judgment and an award of attorney fees as sanctions. The trial court's reasoning for assessing Rule 37 discovery sanctions, including default judgment and attorney fees, against the appellants is supported by the record. Given our approval of the discovery sanctions, the appellants' assignment of error regarding denial of the motion to alter or amend based on erroneous sanctions is likewise rejected. We find no abuse of discretion.

## VI. CONCLUSION

The district court did not abuse its discretion when it assessed discovery sanctions against the appellants, entered default judgment against the appellants, and awarded attorney fees to the appellees. We affirm the orders of the district court that granted the motion for discovery sanctions and denied the appellants' motion to alter or amend the judgment.

Affirmed.

Miller-Lerman, J., participating on briefs.